ACCEPTED
06-15-00032-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/25/2015 11:10:59 AM
DEBBIE AUTREY
CLERK

No._____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

6/25/2015 11:10:59 AM

DEBBIE AUTREY
Clerk

**In the Court of Appeals**

**Sixth Judicial District**

**Texarkana, Texas**

*In re* **CARLTON SEWELL, Relator**

**Original Proceeding from the County Court at Law of Hopkins County, Texas**

## PETITION FOR WRIT OF MANDAMUS

J. Brad McCampbell
Attorney for Relator
State Bar No. 13358000
CURTIS, ALEXANDER & McCAMPBELL, P.C.
Number One Planters Street
P.O. Box 38
Emory, Texas 75440
Telephone: (903)473-2297
Facsimile: (903)473-3069
bmccampbell@cammpclaw.com

*ORAL ARGUMENT REQUESTED*

## *Identity of Parties and Counsel*

The following is a list of all parties and all counsel in this matter:

**RELATOR** in this matter is Carlton Sewell and he is a Proponent/Contestant in the underlying case. The attorney representing Relator is:

J. Brad McCampbell
CURTIS, ALEXANDER & McCAMPBELL, P.C.
Number One Planters Street
P.O. Box 38
Emory, Texas 75440

**RESPONDENT** in this matter is the Honorable Amy Smith, Judge of the County Court at Law of Hopkins County, Texas.

**THE REAL PARTIES IN INTEREST** in this case are Janet Neal Stanley, Applicant, and Contestants, Truitt Sewell, Sue Neal, Melanie Wells, Robert Wells, Harold Wells, Tracy Wright, Cynthia Terrell, Nick Wells, Alleen Neal, Nicholas Maryol, Anita Counts, and Troy Sewell, and are represented by counsel as indicated:

Mr. Chad Cable
CHAD CABLE LAW OFFICE
323 Gilmer Street
Sulphur Springs, Texas 75482
Tel: (903) 885-1500
Fax: (903) 885-7501

*Table of Contents*

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page i

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 1

STATEMENT OF THE JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 2

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 2

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 14

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 15

*Index of Authorities*

CASES                                                                    PAGE

Employer's Ins. of Wausau v. Halton,
          792 S.W.2d 462 (Tex.App. - Dallas 1990, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . 9

FDIC v. Prusia,
          18 F.3d 637 (8th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Ford Motor Company,
          165 S.W.3d 315 (Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re Kellogg, Brown & Root, Inc.,
          45 S.W.3d 772 (Tex.App. - Tyler 2001, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re Rozelle,
          229 S.W.3d 775 (Tex.App. - San Antonio 2007, orig. proceeding) . . . . . . . . . . . . . . 5, 7

Johnson v. Fourth Court of Appeals,
          700 S.W.2d 916 (Tex. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Mansfield State Bank v. Cohn,
          573 S.W.2d 181 (Tex. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Marino v. King,
          355 S.W.3d 629 (Tex. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

National Hockey League,
          427 U.S. at 642-643, 96 S.Ct. at 2780-81 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Sanders v. Harder,
          148 Tex. 593, 227 S.W.2d 206 (1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Stelly v. Papania,
          927 S.W.2d 620 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

<u>Trans-American National Gas Corp.,</u>
  811 S.W.2d 913 (Tex. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

<u>U.S. Fid. & Guar. Co. v. Gundeau,</u>
  272 S.W.3d 603 (Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Wheeler v. Green,</u>
  157 S.W.3d 439 (Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

<u>Walker v. Packer,</u>
  827 S.W.2d 833, 840 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 6

<u>Wal-Mart Stores, Inc. v. Deggs,</u>
  968 S.W.2d 354 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

STATUTES, AND RULES

TEX. GOV. CODE, § 22.221(b) (Vernon 2004)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX.R.CIV.P. 198.3.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

## *Statement of the Case*

The underlying action is a will contest regarding the probate of the Last Will and Testament of Velma Ruth Fitzgerald. Velma Ruth Fitzgerald, Decedent, a resident of Hopkins County, Texas, died on December 31, 2007.

On January 2, 2008, RELATOR (hereafter referred to as "C. SEWELL") filed an Application to Probate Will of Decedent dated August 8, 2007 in the County Court of Hopkins County, Texas (Vol. 1, Tab 1). C. SEWELL'S Application was heard and the Will offered by C. SEWELL was admitted to probate as a Muniment of Title on January 15, 2008 (Vol. 1, Tab 2).

The REAL PARTIES IN INTEREST, JANET NEAL STANLEY (hereafter referred to as "STANLEY") and TRUITT SEWELL (hereafter referred to as "T. SEWELL"), respectively filed an Application to Probate a Last Will and Testament dated April 26, 1993 and an Opposition to C. SEWELL's Application to Probate (Vol. 1, Tabs 3, 4 & 7).

After a lengthy period, the case was set to proceed to trial with jury selection on January 12, 2015. On that date, just hours before the commencement of trial, STANLEY and T. SEWELL, by their attorney, Mr. Chad Cable, filed with the Court a "Certificate of Deemed Admissions" notifying the Court of the failure of C. SEWELL, who was representing himself pro se at the time, to respond to Request for Admissions delivered to C. SEWELL in 2010 (over 4½ years before trial) (Vol. 1, Tab 20). C. SEWELL's subsequent attorneys of record, Mr. Frank Bauer (2nd counsel) and Mr. J. Brad McCampbell (3rd/present counsel) were totally unaware that their client had been served with Request for Admissions in 2010 (Vol. 2). As a result of Cable's filing, at attorney McCampbell's request, the Court canceled the jury setting and allowed C. SEWELL to file a Motion to Withdraw Deemed Admissions (Vol. 1, Tabs 21 & 23). STANLEY and T. SEWELL filed a Response to the Motion to Withdraw Deemed Admissions (Vol. 1, Tab 22). A hearing on the Motion was held on April 7, 2015 (Vol. 2). Respondent, The Honorable Amy Smith, denied the Motion to Withdraw Deemed Admissions as evidenced by Order entered on April 14, 2015 (Vol. 1, Tab 24).

This Petition for Writ of Mandamus follows.

### *Statement of Jurisdiction*

The Court has jurisdiction over this Petition for Writ of Mandamus under Section 22.221(b) of the Texas Government Code.

### *Issue Presented*

Issue: Did RESPONDENT abuse her discretion in denying RELATOR's Motion to Withdraw Deemed Admissions?

### *Statement of Facts*

This case was commenced on January 2, 2008 by C. SEWELL's filing an "Application to Probate Will (of Velma Ruth Fitzgerald, dated August 8, 2007) as a Muniment of Title" (Vol. 1, Tab 1).

Said Application was heard by the Judge of the County Court of Hopkins County, Texas on January 15, 2008 which resulted in said Will being admitted to probate as a muniment of title (Vol. 1, Tab 2).

On January 30, 2008, Janet Neal Stanley (hereafter referred to as "STANLEY") filed a competing Application to probate a Will executed on April 26, 1993 by Velma Ruth Fitzgerald (Vol. 1, Tabs 3 & 7).

Both sides filed respective oppositions to the probate applications filed (Vol. 1, Tabs 4, 6, & 16).

On February 14, 2008, the "Will contest" was transferred to the Hopkins County Court at Law by order of the County Judge of Hopkins County (Vol. 1, Tabs 5 & 11). [1]

---

[1] Counsel for C. SEWELL does not know the reason for the two (2) transfer orders dated February 14, 2008 and May 20, 2010 respectively.

Representing C. SEWELL in the "Will contest" was Mr. Eddie Northcutt. Representing STANLEY on her Application and T. SEWELL et al on their Opposition was Mr. Chad Cable. Mr. Northcutt filed an opposition to STANLEY's application to probate on February 14, 2008 (Vol. 1, Tab 6).

As part of the discovery performed in the case, the oral deposition of C. SEWELL was taken by Chad Cable on May 13, 2008. Eddie Northcutt was present during the deposition. Regarding discovery in the case, there was no Discovery Control Plan entered by the Court. That being the case, the applicable Discovery Control Plan for this probate matter is TRCP 190.3, where discovery is mandated to be completed no later than nine months after the earlier of the date of the first oral deposition or the due date of the first response to written discovery. The deposition of C. SEWELL on May 13, 2008, was the commencement of the discovery period (Vol. 1, Tab 21; Vol. 2).

On January 23, 2009, the Court signed an order allowing Eddie Northcutt's withdrawal from the representation of C. SEWELL (Vol. 1, Tabs 8 & 9).

On June 17, 2010, C. SEWELL retained the services of Mr. Frank Bauer to represent him in the "Will contest" (Vol. 1, Tab 13).

In the interim between the withdrawal of Mr. Northcutt and the engagement of Mr. Bauer, it appears that on May 13, 2010, Mr. Cable served Requests for Admission on C. SEWELL, who, at the time, was acting pro se (Vol. 1, Tab 19).

C. SEWELL did not respond to said Requests for Admission (Vol. 1, Tabs 21 & 23).

The parties thereafter continued to engage in various forms of discovery, i.e., Requests for Disclosure, Interrogatories, Requests for Production, and additional depositions (Vol. 1, Tab 21 & 23; Vol. 2).

On April 22, 2013, Frank Bauer filed a motion to withdraw from the representation of C. SEWELL. An order allowing Mr. Bauer's withdrawal was signed by this Court on April 23, 2013 (Vol. 1, Tab 17).

In July, 2013, C. SEWELL retained the services of J. Brad McCampbell, attorney, to represent C. SEWELL in the matter. Mr. McCampbell's representation continues to date (Vol. 1, Tab 19). Since being engaged by C. SEWELL, Mr. McCampbell began preparation to try this case in front of a jury.

This case was set on various jury dockets only to be continued each time. On January 12, 2015, the case was finally set to commence with jury selection at 1:00 p.m. At 9:20 a.m. on January 12, Mr. Cable filed a document titled "Certificate of Deemed Admissions" notifying the Court of the failure of C. SEWELL to respond to the Requests for Admission submitted by Mr. Cable over 4½ years before (Vol. 1, Tab 20).

Neither attorneys Bauer nor McCampbell knew of the existence of these requests for admission until the filing of the Certificate of Deemed Admissions by Mr. Cable literally hours before jury selection. Based on that filing, this Court excused the jury panel prior to commencement of trial and allowed Mr. McCampbell, on behalf of C. SEWELL, time to file a Motion for Withdrawal of Deemed Admissions (Vol. 1, Tabs 21 & 23; Vol. 2).

On February 10, 2015, C. SEWELL filed his Motion to Withdraw Deemed Admissions with his attached Responses to the Requests for Admission (Vol. 1, Tabs 21 & 23).

On April 6, 2015, T. SEWELL and STANLEY filed their Response to C. SEWELL's Motion to Withdraw Deemed Admissions (Vol. 1, Tab 22).

On April 7, 2015, a hearing was held on the Motion to Withdraw Deemed Admissions and after hearing, the Court entered an order denying the motion (Vol. 1, Tab 24).

*Argument and Authorities*

A court of appeals may issue a writ of mandamus, *"agreeable to the principles of law regulating those writs,"* against a judge of a county court. TEX.GOV.CODE §22.221(b)(1) (Vernon 2004).

**No Adequate Remedy of Appeal**

A mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. In re Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005). *"A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law'"* (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). *"A clear failure to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ."* Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). In Walker, the Texas Supreme Court held that an appeal will be inadequate where the relator's . . . *"ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error . . . The relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources."* Id. at 843. In In re Kellogg, Brown & Root, Inc., 45 S.W.3d 772 (Tex.App. - Tyler 2001, no pet.), the Tyler Court held that the trial court abused its discretion in denying Brown & Root's motion to strike, withdraw or amend its deemed admissions, and that Brown & Root lacked an adequate remedy by appeal. See Page 777. Likewise, in In re Rozelle, 229 S.W.3d 757 (Tex. App - San Antonio 2007, orig. proceeding), the San Antonio Court held that the trial court abused its discretion in denying Rozelle's request to withdraw deemed admissions received by Rozelle when he was acting pro se, and therefore conditionally granted a Writ of Mandamus. See Page 764; see also TransAmerican National Gas Corp. v. Powell, 811 S.W.3d 913, 919 (Tex. 1991) (orig.

Page -5-

proceeding) (*"Whenever a trial court imposes sanctions which have the effect of adjudicating a dispute, but by striking pleadings, dismissing an action or rendering a default judgment, but which do not result in rendition of an appealable judgment, then the eventual remedy by appeal is inadequate."*)

In Walker, the Court stated there is no adequate remedy by appeal for a merits-preclusive discovery sanction, unless *"the sanctions are imposed simultaneously with the rendition of a final, appealable judgment."* Walker at 843. No such judgment has been rendered in our case.

**The Substance of TRCP Rule 198.3**

The applicable Texas Rule of Civil Procedure (TRCP) regarding the effect of deemed admissions and their withdrawal is Rule 198.3. The pertinent language of Rule 198.3 is as follows:

> *" . . . a matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission. The court may permit the party to withdraw or amend the admission if:*
> *(a)      the party shows good cause for the withdrawal or amendment; and*
> *(b)      the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will not be subserved by permitting the party to amend or withdraw the admission."*

Breaking down the requirements of subsections (a) & (b) of 198.3, it is C. SEWELL's position that in seeking withdrawal of deemed admissions he must show (1) good cause for the withdrawal; (2) that such withdrawal will not unduly prejudice the party relying on the deemed admissions; and (3) that the merits of the case will be benefitted or promoted by permitting the withdrawal.

**Good Cause Exists to Withdraw the Deemed Admissions**

"Good cause" is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference. Stelly v. Papania, 927 S.W.2d 620, 622 (Tex. 1996). While C. SEWELL recognizes that trial courts have broad discretion to permit or deny withdrawal of deemed admissions, but they cannot do so arbitrarily, unreasonably, or without reference to guiding principles. Id. at 622.

There does exist good cause for withdrawal of the deemed admissions:

(1)     At the time of delivery of the requests for admission to C. SEWELL, he was representing himself pro se, (attorney Northcutt having withdrawn as counsel of record in January of 2009 and before attorney Bauer undertook his representation) (Vol. 1, Tabs 9 & 13; Vol. 2).

(2)     Representing himself, C. SEWELL did not have an understanding of the effect of admissions and the consequences of not responding to them (Vol. 1, Tabs 21 & 23; Vol. 2). As in the Rozelle case previously cited, and the Wheeler case hereafter discussed, the fact that the party receiving the Requests for Admission, not being a lawyer, is significant to the Court's determination under Rule 198.3.

(3)     While C. SEWELL does not deny that his signature is affixed to the certified mailing's return receipt card at the time of delivery of the Requests for Admission, he does not have recollection of the Requests for Admission and has not been able to locate said document (Vol. 1, Tabs 21 & 23; Vol. 2).

(4)     The deposition of C. SEWELL was taken in May 2008. In said deposition, C. SEWELL took a position entirely contrary to the substance of the requested admissions delivered to him in 2010 (Vol. 1, Tab 21, Page 4 & 5, Tab 23; Vol. 2). Upon taking this deposition, attorney Cable became acutely aware of C. SEWELL's position in the case (Vol. 1, Tab 21, Page 4, Tab 23; Vol. 2). Additionally, attorney Cable was aware that C. SEWELL's opposition filed by attorney Northcutt in February 2008, a date over two years before the Requests for Admission, denied allegations that Decedent lacked testamentary capacity and that C. SEWELL exerted undue influence over Decedent (Vol. 1, Tab 21, Page 5, Tab 23; Vol. 2). The subject Requests for Admission, as deemed, are in direct contradiction to S. SEWELL's position in the case.

(5)     Attorneys Bauer & McCampbell were never made aware of the delivery of Requests for Admission to C. SEWELL, either by C. SEWELL himself or by attorney Cable, until the morning of jury selection in January of 2015.

Neither did the Court's file contain any evidence that Requests for Admission had been sent to C. SEWELL.[2]   Had either attorney been made aware, one of two things would have happened: (1) Responses to the Request for Admissions would have been immediately prepared and submitted; or (2) a Motion to Withdraw Deemed Admissions would have been filed shortly after being made aware of them (Vol. 1, Tab 21, Page 4, Tab 23; Vol. 2).

(6)     Over 4½ years elapsed from the deadline for responding to the Requests for Admission and the filing of the Certificate of Deemed Admissions (Vol. 1, Tab 20).

(7)     While our rules do not mandate if or when a Certificate of Deemed Admissions should be filed in a given case, the effect of attorney Cable's chosen course was to allow C. SEWELL to hire not one but two more attorneys, spending thousands of dollars in preparation for trial when attorney Cable knew all along that C. SEWELL's case was effectively "gutted" by the deemed admissions (Vol. 1, Tabs 21 & 23; Vol. 2).

Based on the foregoing, C. SEWELL's failure to respond was not intentional or the result of conscious indifference, bad faith, or a callous disregard for the rules.

**Real Parties in Interest Will Not be Unduly Prejudiced**

**by the Withdrawal of the Deemed Admissions**

(1)     This case commenced in January of 2008.  Approximately (7) seven years passed between that date and the trial setting of January 12, 2015.  During that time, both

---

[2] At the time of delivery of the Requests for Admission by the attorney Cable, no Certificate of Written Discovery was filed with the Court (which is customarily done by attorneys) nor was any other type of notice filed with the Court that the Requests were being sent.  This is significant because attorney McCampbell's thorough review of the Court's file and previous attorney Bauer's file did not reveal any hint of the Requests for Admission (Vol. 1, Tab 21, Pages 2, 3, & 4).

sides have conducted discovery, i.e., depositions, requests for disclosure, interrogatories and requests for production (Vol. 1, Tabs 21 & 23; Vol. 2). The position of the REAL PARTIES IN INTEREST is that they will be prejudiced if the admissions are withdrawn because they would have conducted and completed more discovery had they known. This position is not supported by case law. As already stated, over 4½ years have passed between the deadline to respond to the Requests for Admission and the trial setting, more than ample time for all discovery to be conducted.

In Employer's Ins. of Wausau v. Halton, 792 S.W.2d 462, 467 (Tex.App. - Dallas 1990, writ denied), the Dallas Court, in allowing the withdrawal of deemed admissions, stated that:

*"Defendant's counsel pointed out that Plaintiff had almost a month before trial to conduct additional discovery the matters previously admitted. We reiterate that Plaintiff had known since early July. When Defendant filed its Original Answer, that Defendant contested almost all material issues in the case . . . It is hard to find prejudice where the parties had almost a month before the trial in which they could conduct additional discovery about the injury and the disputed fact issues. Moreover, as we have stressed, Plaintiff knew that Defendant contested the very 'injury' upon which Plaintiff's Industrial Accident Board award was based. He cannot now claim prejudice by its 'reliance' on the deemed admissions when he knew that Defendant disputed almost every issue in the lawsuit."* See Page 467.

(2)     As already stated, STANLEY and T. SEWELL, by Attorney Cable, had previously deposed C. SEWELL in 2008. Their theories of the case were not dependent upon the deemed admissions. These facts are similar to those in Wal-Mart Stores, Inc. v. Deggs, 968 S.W.2d 354 (Tex. 1998). In Deggs, the Court held that because Plaintiff Deggs had taken the deposition of Defendant Smith before the Requests for Admission to Smith were due, Deggs would not be unduly prejudiced if the deemed admissions were withdrawn. Id. at 357. That Court further held that deemed admissions should be withdrawn if presentation of the merits of the action will be served thereby. Deggs at 356.

(3)     During the pendency of this case, both sides either requested or agreed to several continuances regarding trial of the case (Vol. 2).

(4)     The term "prejudice" does not include the fact that, if the admissions were withdrawn, the party who obtained that admission would then have to convince the fact finder of its truth.  See FDIC v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994).

**Withdrawal of the Deemed Admissions Would Promote**
**Presentation of the Merits of the Case**

TRCP 198.3 includes as part of the undue prejudice inquiry whether presentation of the merits will be served by permitting withdrawal of deemed admissions.

"The discovery rules were not designed as traps for the unwary, nor should we construe them as preventing a litigant from presenting the truth."  See Stelly at 622; see also Marino v. King, 355 S.W.3d 629, 632 (Tex. 2011) (quoting U.S. Fid. & Guar. Co. v. Gundeau, 272 S.W.3d 603, 610 (Tex. 2008): *"Requests for Admission should be used as a 'tool not a trap door' ").  "The primary purpose [of Rule 169 (now 198)] is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove.  Is was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense."*  See Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, 208 (1950).

When a party uses deemed admissions to try to preclude presentation of the merits of a case, due process concerns should arise.  See Trans-American National Gas Corp., 811 S.W.2d 913, 918 (Tex. 1991) (quoting National Hockey League, 427 U.S. at 642-643, 96 S.Ct. at 2780-81: *"Sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard under the rules."*)

In the case at bar, T. SEWELL alleges by his pleading that Decedent did not have testamentary capacity to execute the August 8, 2007 Will and that C. SEWELL unduly influenced

Decedent in her execution of that Will (Vol. 1, Tab 4). The deemed admissions, as a whole, have the effect of either precluding C. SEWELL's presentation of the merits of his case or precluding his ability to present a ground of defense to the allegations (undue influence and lack of testamentary capacity) in his opponent's pleadings (Vol. 1, Tab 22). Furthermore, several of the requests in question ask C. SEWELL to admit or deny a purely legal issue, i.e., that C. SEWELL exercised undue influence over Decedent; that the August 8, 2007 Will is invalid; and that C. SEWELL is liable for damages and attorney's fees (Vol. 1, Tab 22). Similarly, in Wheeler v. Green, 157 S.W.3d 439 (Tex. 2005), a custody modification case, the Court found that . . . *"of the 64 deemed admissions, none sought to discover information: nine deemed circumstances changed so modification was proper, twenty-seven deemed modification in the child's best interest, twenty-seven deemed Sandra liable for malicious prosecution, and three deemed her liable for child support, attorney's fees, and exemplary damages."* Wheeler at 443. The Supreme Court in Wheeler held that there was good cause for withdrawing the deemed admissions and that withdrawal would not cause undue prejudice to the father. Id. at 444. The Court in Wheeler, while agreeing that pro se litigants were not exempt from the rules of procedure (see Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-185 (Tex. 1978) ), stated that:

> *"When a rule itself turns on an actor's state of mind (as these do here), application may*
> *require a different result when the actor is not a lawyer. Recognizing that*
> *Sandra did not know what any lawyer would does not create a separate rule, but*
> *recognizes the differences the rule itself contains."* Wheeler at 444.

The due process concern voiced in Wheeler arises here because of the very nature of the admissions requested in the case at bar, and the trial court's subsequent denial of the Motion to Withdraw Deemed Admissions has a merits-preclusive effect on C. SEWELL's case and the case as a whole.

*Prayer*

RELATOR prays that this Court issue a Writ of Mandamus commanding RESPONDENT, the Honorable Amy Smith, to vacate her Order denying RELATOR'S Motion to Withdraw Deemed Admissions and to enter an order granting RELATOR's Motion to Withdraw Deemed Admissions and permitting RELATOR to substitute his late responses, and for such other and further relief to which RELATOR may be entitled.

Respectfully submitted,

CURTIS, ALEXANDER & McCAMPBELL, P.C.
Number One Planters Street
P.O. Box 38
Emory, Texas 75440
Tel. (903) 473-2297
Fax. (903) 473-3069

//s// J. Brad McCampbell
bmccampbell@cammpclaw.com
Texas Bar No. 13358000
ATTORNEYS FOR CARLTON SEWELL

# VERIFICATION

STATE OF TEXAS          X

COUNTY OF RAINS          X

BEFORE ME, the undersigned notary public, on this day personally appeared J. Brad McCampbell, Relator's attorney, who being duly sworn by me deposed and said:

1.      "I am counsel of record for CARLTON SEWELL, Relator in this case. I am over 21 years of age and am competent to make this affidavit. I have read the *Petition for Writ of Mandamus* to which this Verification is attached, which is filed on behalf of CARLTON SEWELL and every factual statement contained in the petition is within my personal knowledge and is true and correct.

2.      "The petition is accompanied by a two-volume record and an appendix. I have personal knowledge that the pleadings, motions, and orders contained in Volume 1 of the record and those contained in the appendix are true and correct copies. I also have personal knowledge that the reporter's transcript contained in Volume 2 of the record is a true and correct copy of the electronic recording of the hearing on CARLTON SEWELL's Motion to Withdraw Deemed Admissions that has been transcribed by Jana Atchison Rushing, CSR."

Further Affiant sayeth not.

J. Brad McCampbell, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on June 23, 2015, to certify which witness my hand and official seal.

Notary Public, State of Texas

SUSAN PEREZ
My Commission Expires
August 24, 2018

## *Certificate of Service*

I certify that a true copy of this *Petition for Writ of Mandamus* was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on each party or the attorney for such party indicated below by hand delivery on this 25th day of June, 2015.

/s/ J. Brad McCampbell

Attorney for Relator

Honorable Amy Smith
Presiding Judge of the
Hopkins County Court at Law
118 Church Street
Sulphur Springs, Texas 75482
**By Hand Delivery**

Mr. Chad Cable
CHAD CABLE LAW OFFICE
323 Gilmer Street
Sulphur Springs, Texas 75482
Attorney for Applicant and Contestants
**By Hand Delivery**

*Appendix*

1.      Certified copy of the Trial Court's Order dated April 14, 2015

2.      Copy of TEX. GOV. CODE, § 22.221 (Vernon 2004)

3.      Copy of TEX.R.CIV.P. 198.3

FILED FOR RECORD
HOPKINS COUNTY, TEXAS

2015 APR 14 P 2: 45

SHIRLEY
COUNTY CLERK

BY_____DEPUTY

**NO. P08 – 13,106**

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

**ORDER DENYING MOTION TO WITHDRAW DEEMED ADMISSIONS,
SHEDULING SUMMARY JUDGMENT HEARING
AND
REQUIRING MEDIATION**

The Court considered Probate Applicant Carlton Sewell's Motion to Withdraw deemed Admissions and Contestant's response with argument of respective counsel on April 7th, 2015.

The Motion to Withdraw Deeded Admissions is hereby denied.

Noting the Contestants have filed a Motion for Summary Judgment, a hearing on that motion is hereby scheduled for May 21st, 2015 at 9:00 a.m.

Finally, the parties are Ordered to mediation, to be completed prior to May 21st, 2015 with a mediator to be agreed upon by the parties.

Absent an agreement within five days the Court will name a mediator.

The cost of the mediator shall be evenly divided between the parties.

Signed this _14_ day of April, 2015.

_____
Judge

*ORDER DENYING MOTION TO WITHDRAW DEEMED ADMISSIONS, SHEDULING SUMMARY
JUDGMENT HEARING AND REQUIRING MEDIATION*

COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

*Texas* **Statutes and** *Codes*  >  **GOVERNMENT CODE**  >  **TITLE 2. JUDICIAL BRANCH**  >  **SUBTITLE A. COURTS**  >  **CHAPTER 22. APPELLATE COURTS**  >  **SUBCHAPTER C. COURTS OF APPEALS**

## § *22.221*. Writ Power

**(a)**  Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

**(b)**  Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a:

    **(1)**  judge of a district or county court in the court of appeals district; or

    **(2)**  judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, *Code* of Criminal Procedure, in the court of appeals district.

**(c)**  [Repealed by Acts 1987, 70th Leg., ch. 148 (S.B. 895), § 2.03, effective September 1, 1987.]

**(d)**  Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case. Pending the hearing of an application for a writ of habeas corpus, the court of appeals or a justice of the court of appeals may admit to bail a person to whom the writ of habeas corpus may be granted.

## History

Enacted by Acts 1985, 69th Leg., ch. 480 (S.B. 1228), § 1, effective September 1, 1985; am. *Acts 1987, 70th Leg., ch. 69 (S.B. 151)*, § 1, effective May 6, 1987; am. *Acts 1987, 70th Leg., ch. 148 (S.B. 895)*, §§ 1.35, 2.03, effective September 1, 1987; am. *Acts 1991, 72nd Leg., ch. 58 (H.B. 596)*, § 1, effective May 2, 1991; am. *Acts 1995, 74th Leg., ch. 839 (H.B. 3073)*, § 1, effective September 1, 1995.

LexisNexis ® *Texas* Annotated Statutes

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group All rights reserved.

# Rule 198 Requests for Admissions

**198.1.** *Request for Admissions.* --A party may serve on another party - no later than 30 days before the end of the discovery period - written requests that the other party admit the truth of any matter within the scope of discovery, including statements of opinion or of fact or of the application of law to fact, or the genuineness of any documents served with the request or otherwise made available for inspection and copying. Each matter for which an admission is requested must be stated separately.

**198.2.** *Response to Requests for Admissions.*

**(a)** *Time for Response.* --The responding party must serve a written response on the requesting party within 30 days after service of the request, except that a defendant served with a request before the defendant's answer is due need not respond until 50 days after service of the request.

**(b)** *Content of Response.* --Unless the responding party states an objection or asserts a privilege, the responding party must specifically admit or deny the request or explain in detail the reasons that the responding party cannot admit or deny the request. A response must fairly meet the substance of the request. The responding party may qualify an answer, or deny a request in part, only when good faith requires. Lack of information or knowledge is not a proper response unless the responding party states that a reasonable inquiry was made but that the information known or easily obtainable is insufficient to enable the responding party to admit or deny. An assertion that the request presents an issue for trial is not a proper response.

**(c)** *Effect of Failure to Respond.* --If a response is not timely served, the request is considered admitted without the necessity of a court order.

**198.3**. *Effect of Admissions; Withdrawal or Amendment.* --Any admission made by a party under this rule may be used solely in the pending action and not in any other proceeding. A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission. The court may permit the party to withdraw or amend the admission if:

**(a)** the party shows good cause for the withdrawal or amendment; and

**(b)** the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission.

Texas Rules

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

**VOLUME 1**

**No. _____**

*In Re* **CARLTON SEWELL, Relator**


RECORD OF
CERTIFIED COPIES OF
PLEADINGS, MOTIONS AND ORDERS


TRIAL COURT CAUSE NO. P08-13106


| | | |
|---|---|---|
| IN THE ESTATE OF | \* | IN THE COUNTY COURT |
| | \* | |
| VELMA RUTH FITZGERALD | \* | AT LAW OF |
| | \* | |
| DECEASED | \* | HOPKINS COUNTY, TEXAS |

# *INDEX*

1. Certified copy of *Application to Probate Will as Muniment of Title.*

2. Certified copy of *Order Probating Will as Muniment of Title.*

3. Certified copy of *Application for Probate of Will and for Letters Testamentary.*

4. Certified copy of *Opposition to Probate of Will.*

5. Certified copy of *Order of Transfer.*

6. Certified copy of *Opposition to Application for Probate of Will and for Letters Testamentary and Answer to Opposition to Probate of Will.*

7. Certified copy of *Amended Application for Probate of Will and for Letters Testamentary.*

8. Certified copy of *Motion for Withdrawal of Counsel.*

9. Certified copy of *Order Granting Motion for Withdrawal of Counsel.*

10. Certified copy of *Motion for Appointment of Independent Executor.*

11. Certified copy of *Order on Motion to Transfer Contested Probate Matter.*

12. Certified copy of *Order Appointing Personal Representative (Temporary) Pending Contest.*

13. Certified copy of *Notice of Appearance and Request for Notices and Service of Papers.*

14. Certified copy of *Affidavit* (with attachment) of Frank Bauer.

15. Certified copy of *Certificate of Written Discovery Directed to Chad Cable.*

16. Certified copy of *Supplement to Opposition for Probate of Will and for Letters Testamentary and Answer to Opposition to Probate of Will.*

17.     Certified copy of *Motion for Withdrawal of Counsel.*

18.     Certified copy of *Order on Motion for Withdrawal of Counsel.*

19.     Certified copy of *Appearance of Counsel.*

20.     Certified copy of *Certificate of Deemed Admissions.*

21.     Certified copy of *Motion to Withdraw Deemed Admissions.*

22.     Certified copy of *Contestants' Response to Carlton Sewell's Motion to Withdraw Deemed Admissions.*

23.     Certified copy of *Affidavit in Support of Motion to Withdraw Deemed Admissions.*

24.     Certified copy of *Order Denying Motion to Withdraw Deemed Admissions, Scheduling Summary Judgment Hearing and Requiring Mediation.*

NO. P08-13106

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT OF |
| | § | |
| VELMA RUTH FITZGERALD, | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## APPLICATION TO PROBATE WILL AS MUNIMENT OF TITLE

TO THE HONORABLE JUDGE OF SAID COURT:

Carlton N. Sewell applies to probate the Last Will and Testament of Velma Ruth Fitzgerald, deceased, as muniment of title, and shows the Court as follows:

I.

Applicant's domicile is in Hopkins County, Texas, where he resides at 107 Morris Drive, Sulphur Springs, Texas, 75482. He was the decedent's cousin.

II.

Velma Ruth Fitzgerald died in Hopkins County, Texas, on December 31, 2007, at the age of eighty-six. At the time of her death, she was domiciled in Hopkins County, Texas, where she resided at 890 Camp Street, Sulphur Springs, Texas, 75482.

III.

At the time of her death, the decedent owned real and personal property whose value applicant estimates to be less than $600,000.00.

IV.

The decedent died testate. Her Last Will and Testament was dated August 8, 2007. A copy of such Will is attached to this application and is incorporated herein for all purposes. The Will named Carlton N. Sewell as Independent Executor of the Will. The said Carlton N. Sewell resides in Hopkins County, Texas. The subscribing witnesses to the Will were Vicki Latimer, who is a resident of Hunt County, Texas, and Tiffamy Bassham, who is a resident of Hopkins County, Texas.


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
K'S OFFICE

APPLICATION TO PROBATE WILL AS MUNIMENT OF TITLE – 1

## V.

The Will does not name the state or a governmental agency of the state as a devisee.

## VI.

No child or children were born to or adopted by the decedent after she made the aforesaid Will. She was never divorced.

## VII.

The only debts of the Estate remaining to be paid are current bills for which the funds of the Estate are more than adequate. There are no other debts of the Estate remaining unpaid, exclusive of debts secured by liens on real estate. The subject Will devises and bequeaths all of the decedent's Estate to her cousin, Carlton N. Sewell, who is the applicant, and contains no special provisions requiring administration. There is no necessity or reason, therefore, for administration of the decedent's Estate.

WHEREFORE, applicant asks that citation be issued to all parties interested in this Estate as required by law, that the aforesaid Will be admitted to probate as muniment of title, and for such other and further orders as the Court may deem proper.

Respectfully submitted,

Raymond R. Johnson
Bar No. 10781000
P. O. Box 522
Sulphur Springs, Texas 75483-0522
Telephone 903-885-8691
Telefax 903-885-8692

Attorney for Applicant

COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

APPLICATION TO PROBATE WILL AS MUNIMENT OF TITLE – 2

# Last Will and Testament
## of
## Velma Ruth Fitzgerald

STATE OF TEXAS     §

COUNTY OF HOPKINS     §             KNOW ALL MEN BY THESE PRESENTS:

That I, VELMA RUTH FITZGERALD, a resident of Hopkins County, Texas, being of sound and disposing mind and memory and above the age of eighteen years, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all prior Wills, if any, made by me.

### I.

I direct that my just debts, funeral expenses and all taxes due as a result of my death, as well as the costs and expenses of the administration of my estate, be paid as soon as practicable without the unnecessary sacrifice of any of the properties of my estate.

### II.

All of the rest, residue and remainder of my estate, real, personal and mixed, of whatever nature, wherever situated and however acquired, which I may own or have any interest in at the time of my death, I give, devise and bequeath unto my cousin, CARLTON N. SEWELL, in fee simple forever.

### III.

If my cousin, CARLTON N. SEWELL, has predeceased me, or if he should die before the expiration of ninety days following the day of my death, then I give, devise and bequeath one-half of the rest, residue and remainder of my estate unto his wife, MARY J. SEWELL, and the other one-half unto my cousin, TRUITT L. SEWELL, the brother of CARLTON N. SEWELL, share and share alike, in fee simple forever.

### IV.

In the event CARLTON N. SEWELL dies as set out above and in the event either the said MARY J. SEWELL or TRUITT L. SEWELL has predeceased me or dies before the expiration of ninety days following the day of my death, leaving a descendant or descendants who survive my death and her or his death, then I give, devise and bequeath unto such descendant or descendants per stirpes, in fee simple forever, the share which the decedent, MARY J. SEWELL or TRUITT L. SEWELL, would have otherwise received, the division of which shall be determined as if the deceased beneficiary had predeceased me. If either the said MARY J. SEWELL or TRUITT L. SEWELL has predeceased me or dies before the expiration of ninety days following the day of my death and leaves no descendant who survives my death and her or his death, then I give, devise and bequeath in fee simple forever the share which

TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

Last Will and Testament of VELMA RUTH FITZGERALD – 1

MARY J. SEWELL or TRUITT L. SEWELL would have received unto the survivor between MARY J. SEWELL or TRUITT L. SEWELL, and per stirpes to the descendant or descendants of a deceased beneficiary, whose share or shares shall be determined as if the deceased beneficiary had predeceased me.

V.

I hereby nominate and appoint CARLTON N. SEWELL, and if he is unable to serve, then MARY J. SEWELL, and if she is unable to serve, then TRUITT L. SEWELL, Independent Executor or Independent Executrix of this my Last Will and Testament, and direct that no security be required of any of them as such Independent Executor or Independent Executrix and that no other action be had in the administration of my estate than to probate and record this Will and return an inventory and list of claims as required by law.

IN TESTIMONY WHEREOF, I have hereunto subscribed and signed these presents in the presence of the witnesses whose names are affixed hereto and whom I have requested to sign their names hereto as witnesses, and in the presence of said witnesses I have declared and published the foregoing as my Last Will and Testament on the _8th_ day of August, 2007.

_Velma Ruth Fitzgerald_
VELMA RUTH FITZGERALD

The foregoing was on this day signed by VELMA RUTH FITZGERALD in our presence and in the presence of each of us, and at the time of her subscribing said instrument she declared that it was her Will, and at her request and in her presence, and in the presence of each other, we have subscribed our names as witnesses thereto on the _8th_ day of August, 2007.

_Vicki Latimer_

_Tiffany Bonham_
WITNESSES

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE
COUNTY OF HOPKINS · STATE OF TEXAS

Last Will and Testament of VELMA RUTH FITZGERALD – 2

STATE OF TEXAS §

COUNTY OF HOPKINS §

Before me, the undersigned authority, on this day personally appeared VELMA RUTH FITZGERALD, VICKI LATIMER and _Tiffany Bassham_, known to me to be the testatrix and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, the said VELMA RUTH FITZGERALD, testatrix, declared to me and to the said witnesses in my presence that said instrument is her last will and testament, and that she had willingly made and executed it as her free act and deed; and the said witnesses, each on his oath stated to me, in the presence and hearing of the said testatrix, that the said testatrix had declared to them that said instrument is her last will and testament, and that she executed the same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said testatrix and at her request; that she was at that time eighteen years of age or over and was of sound mind; and that each of the said witnesses was then at least fourteen years of age.

_Velma Ruth Fitzgerald_
VELMA RUTH FITZGERALD

_Vicki Latimer_
Witness

_Tiffany Bassham_
Witness

Subscribed and sworn to before me by the said VELMA RUTH FITZGERALD, testatrix, and by the said VICKI LATIMER and _Tiffany Bassham_, witnesses, this _9th_ day of August, 2007.

_Carolyn French_
Notary Public in and for the State of Texas

Carolyn French
Notary Public, State of Texas
My Commission Expires:
February 4, 2008



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

**Last Will and Testament of VELMA RUTH FITZGERALD – 3**

# Last Will and Testament
of
## Velma Ruth Fitzgerald

| STATE OF TEXAS | § | |
|---|---|---|
| COUNTY OF HOPKINS | § | KNOW ALL MEN BY THESE PRESENTS: |

That I, VELMA RUTH FITZGERALD, a resident of Hopkins County, Texas, being of sound and disposing mind and memory and above the age of eighteen years, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all prior Wills, if any, made by me.

## I.

I direct that my just debts, funeral expenses and all taxes due as a result of my death, as well as the costs and expenses of the administration of my estate, be paid as soon as practicable without the unnecessary sacrifice of any of the properties of my estate.

## II.

All of the rest, residue and remainder of my estate, real, personal and mixed, of whatever nature, wherever situated and however acquired, which I may own or have any interest in at the time of my death, I give, devise and bequeath unto my cousin, CARLTON N. SEWELL, in fee simple forever.

## III.

If my cousin, CARLTON N. SEWELL, has predeceased me, or if he should die before the expiration of ninety days following the day of my death, then I give, devise and bequeath one-half of the rest, residue and remainder of my estate unto his wife, MARY J. SEWELL, and the other one-half unto my cousin, TRUITT L. SEWELL, the brother of CARLTON N. SEWELL, share and share alike, in fee simple forever.

## IV.

In the event CARLTON N. SEWELL dies as set out above and in the event either the said MARY J. SEWELL or TRUITT L. SEWELL has predeceased me or dies before the expiration of ninety days following the day of my death, leaving a descendant or descendants who survive my death and her or his death, then I give, devise and bequeath unto such descendant or descendants per stirpes, in fee simple forever, the share which the decedent, MARY J. SEWELL or TRUITT L. SEWELL, would have otherwise received, the division of which shall be determined as if the deceased beneficiary had predeceased me. If either the said MARY J. SEWELL or TRUITT L. SEWELL has predeceased me or dies before the expiration of ninety days following the day of my death and leaves no descendant who survives my death and her or his death, then I give, devise and bequeath in fee simple forever the share which

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

MARY J. SEWELL or TRUITT L. SEWELL would have received unto the survivor between MARY J. SEWELL or TRUITT L. SEWELL, and per stirpes to the descendant or descendants of a deceased beneficiary, whose share or shares shall be determined as if the deceased beneficiary had predeceased me.

## V.

I hereby nominate and appoint CARLTON N. SEWELL, and if he is unable to serve, then MARY J. SEWELL, and if she is unable to serve, then TRUITT L. SEWELL, Independent Executor or Independent Executrix of this my Last Will and Testament, and direct that no security be required of any of them as such Independent Executor or Independent Executrix and that no other action be had in the administration of my estate than to probate and record this Will and return an inventory and list of claims as required by law.

IN TESTIMONY WHEREOF, I have hereunto subscribed and signed these presents in the presence of the witnesses whose names are affixed hereto and whom I have requested to sign their names hereto as witnesses, and in the presence of said witnesses I have declared and published the foregoing as my Last Will and Testament on the _8th_ day of August, 2007.

_Velma Ruth Fitzgerald_
VELMA RUTH FITZGERALD

The foregoing was on this day signed by VELMA RUTH FITZGERALD in our presence and in the presence of each of us, and at the time of her subscribing said instrument she declared that it was her Will, and at her request and in her presence, and in the presence of each other, we have subscribed our names as witnesses thereto on the _8th_ day of August, 2007.

_Vicki Latimer_

_Tiffany Brinham_
WITNESSES

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

STATE OF TEXAS §

COUNTY OF HOPKINS §

Before me, the undersigned authority, on this day personally appeared VELMA RUTH FITZGERALD, VICKI LATIMER and _Tiffany Bassham_, known to me to be the testatrix and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, the said VELMA RUTH FITZGERALD, testatrix, declared to me and to the said witnesses in my presence that said instrument is her last will and testament, and that she had willingly made and executed it as her free act and deed; and the said witnesses, each on his oath stated to me, in the presence and hearing of the said testatrix, that the said testatrix had declared to them that said instrument is her last will and testament, and that she executed the same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said testatrix and at her request; that she was at that time eighteen years of age or over and was of sound mind; and that each of the said witnesses was then at least fourteen years of age.

_Velma Ruth Fitzgerald_
VELMA RUTH FITZGERALD

_Vicki Latimer_
Witness

_Tiffany Bassham_
Witness

Subscribed and sworn to before me by the said VELMA RUTH FITZGERALD, testatrix, and by the said VICKI LATIMER and _Tiffany Bassham_, witnesses, this _8th_ day of August, 2007.

_Carolyn French_
Notary Public in and for the State of Texas

Carolyn French
Notary Public, State of Texas
My Commission Expires:
February 4, 2009

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

Last Will and Testament of VELMA RUTH FITZGERALD – 3

No. _P08-13106_

**THE STATE OF TEXAS**

TO ALL PERSONS INTERESTED IN THE ESTATE OF VELMA RUTH FITZGERALD, Deceased:

CARLTON N. SEWELL has filed an application in the County Court of Hopkins County, Texas, on the 2nd day of January, 2008, for probate of the LAST WILL and TESTAMENT of VELMA RUTH FITZGERALD, DECEASED, as Muniment of Title.

The style of the case is, IN THE ESTATE OF VELMA RUTH FITZGERALD, DECEASED.

The file number is _P08-13106_ on the Probate Docket of said Court.

All persons interested in said Estate are ALL CITED TO APPEAR on the first Monday next after the expiration of ten days from date of such posting, which is January 14, 2008, before the said County Court at the courthouse in SULPHUR SPRINGS, TEXAS, to contest the application if they desire to do so, by filing written objections thereto at or before 10:00 o'clock a.m. of said day. The application will be heard before the Court at 10:00 o'clock a.m. on January 15, 2008.

The name and address of the attorney for applicant are:

Raymond R. Johnson
P. O. Box 522, Sulphur Springs, Texas, 75483-0522

Issued this _2_ day of January, 2008.

The officer executing this Citation shall post the copy of this Citation at the courthouse door of the County in which this proceeding is pending, or at the place in or near said courthouse where public notices customarily are posted, for not less than 10 days before the return day thereof, exclusive of the date of posting, and shall return the original copy of this Citation to the Clerk, stating in a written return thereon the time and place where he posted such copy.

Witness my hand and official seal, at Sulphur Springs, Texas, this _2_ day of January, 2008.

DEBBIE SHIRLEY, Clerk,
County Court, Hopkins County, Texas.

By _____ Deputy,
Address of Clerk:  P. O. Box 288
            SULPHUR SPRINGS, TEXAS  75483-0288

**SHERIFF'S RETURN**

Came to hand on the _2_ day of January, 2008, at _2:47_ o'clock _P_. m. and executed on the _____ day of January, 2008, by posting a copy of the within citation for ten days, exclusive of the day of posting, before the return day hereof.

* At the Courthouse door of Hopkins County, Texas
* At _____, the place in or near the Courthouse of Hopkins County, Texas, where public notices customarily are posted.

FEES Posting Citation ...... $ _____

*Strike out statement not needed.

_____, Sheriff,
Hopkins County, Texas

By _____, Deputy

TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

ESTATE OF                          §          IN THE COUNTY COURT OF
                                   §
VELMA RUTH FITZGERALD,             §
DECEASED                           §          HOPKINS COUNTY, TEXAS

## ORDER PROBATING WILL AS MUNIMENT OF TITLE

On the 15th day of January, 2008, came on to be heard the application of Carlton N. Sewell to probate the Last Will and Testament of Velma Ruth Fitzgerald, the decedent, as muniment of title. Applicant appeared in person and by his attorney of record. The Court examined the application to probate the subject Will as muniment of title, and heard and considered the evidence presented to the Court. On the evidence the Court determined that the said Velma Ruth Fitzgerald died testate on December 31, 2007, in Hopkins County, Texas, that Hopkins County, Texas, was the county of her domicile at the time of her death, and that this Court has jurisdiction and venue over her Estate.

The Court further determined that the application to probate the Last Will and Testament of Velma Ruth Fitzgerald, Deceased, was filed herein on the 2nd day of January, 2008, that it complies with the requirements of law, that citation has been served and returned in the manner and for the length of time required by law, and that no objection to the subject application has been made or filed herein.

The Court further determined that the Last Will and Testament of Velma Ruth Fitzgerald, filed with the subject application and produced in open court, is dated August 8, 2007, and was subscribed and sworn to by the decedent and witnesses shown therein and is self proven as required by law; that the decedent, Velma Ruth Fitzgerald, was over nineteen years of age and was of sound mind when she executed her Last Will and Testament; that she executed such Will in the manner required by law and did not revoke it; and that all of the necessary proof required for the probate of such Will has been made.

The Court further determined that the only debts of the Estate remaining to be paid are current bills for which the funds of the Estate are more than adequate, that

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

there are no debts of the Estate secured by any property of the Estate, and that the subject Will contains no provision for which administration is needed or required. The Court determined, therefore, that there is no necessity or reason for administration of the Estate of Velma Ruth Fitzgerald, Deceased, and that it would serve the best interests of the Estate and the beneficiary of the Estate if the subject instrument is admitted to probate solely as muniment of title.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the subject instrument dated August 8, 2007, filed with the application for probate herein, is hereby admitted to probate as the Last Will and Testament of Velma Ruth Fitzgerald, Deceased, as muniment of title, and that said Will and application for its probate be recorded in the minutes of this Court.

The Court further determined that all terms of the subject Will have been fulfilled and that no terms of the Will remain unfulfilled, for which reasons the affidavit required by Section 89C(d) of the Probate Code is unnecessary.

IT IS THEREFORE ORDERED that the affidavit required by Section 89C(d) of the Probate Code to be filed by the applicant, Carlton N. Sewell, is waived.

This order shall constitute sufficient legal authority to all persons owing any money to the Estate of Velma Ruth Fitzgerald, Deceased, having custody of any property, or acting as registrar or transfer agent of any evidence of interest, indebtedness, property, or right belonging to the Estate of Velma Ruth Fitzgerald, Deceased, and to persons purchasing from or otherwise dealing with the Estate of Velma Ruth Fitzgerald, Deceased, for payment or transfer, without liability, to Carlton N. Sewell, being the person described in the Will as entitled to receive the assets of the Estate, without administration. The said Carlton N. Sewell is entitled to deal with and treat all properties of the Estate in the same manner as if the record of title thereof were vested in his name.

SIGNED on January 15, 2008.

---

Judge, County Court of Hopkins County, Texas

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

ORDER PROBATING WILL AS MUNIMENT OF TITLE – 2

| ESTATE OF | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| VELMA RUTH FITZGERALD, | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## APPLICATION FOR PROBATE OF WILL
### AND
### FOR LETTERS TESTAMENTARY

TO THE HONORABLE JUDGE OF SAID COURT:

JANET NEAL STANLEY, applicant, for purpose of probating the written will of VELMA RUTH FITZGERALD, deceased, and for issuance of letters testamentary, furnishes the following information to the Court:

I.

Applicant is interested in this estate and is an individual residing at 608 Willowood Lane, Lancaster, Dallas County, Texas 75134.

II.

Decedent died on December 31, 2007, in Sulphur Springs, Hopkins County, Texas, at the age of eighty six (86) years.

III.

This Court has jurisdiction and venue because deceased was domiciled and had a fixed place of residence in this county at the time of death.

IV.

Decedent owned personal and real property is excess of $600,000.00.

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

1

## V.

Decedent executed a will dated April 26, 1993, a copy of which is attached to this application as "Exhibit A".

The original of the April 26, 1993 will has not been located but is believed to have last been in the possession of Carlton Sewell who is the applicant in a competing application.

In that competing application, Carlton Sewell sponsors a will which applicant herein together with other interested parties are contesting.

## VI.

Decedent's will named your applicant's mother, Sue Neal, as independent executrix and Woodrow Wells as an alternate. Sue Neal is incapacitated and Woodrow Wells is deceased.

Applicant is willing to serve as Executrix, is not disqualified and is the choice of the other interested devisees aligned with her.

## VII.

As shown in "Exhibit A", an original of the April 26, 1993 will would be self-proving if found. Absent that, applicant will prove that the will was executed by Decedent.

## VIII.

No child was born to or adopted by Decedent during her lifetime. Decedent was a widow at the time of her death.



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS          2
COUNTY CLERK'S OFFICE

IX.

The names and addresses of the devisees and their relationships to Decedent are as follows:

1.  **Thru the Bible Radio Network** is an organized ministry located at 1095 East Green Street, Pasadena, California 91106.

2.  **Nicholas Ryan Maryol** is a cousin of decedent who may be contacted in care of the law offices of Chad Cable, 323 Gilmer Street, Sulphur Springs, Texas 75482.

3.  **Crestview Baptist Church** was an organized ministry located in Dallas, Texas, which may no longer exist.

4.  **Lillian Sewell** was a cousin of decedent but is deceased. Under the terms of the will her share would pass to her issue, or the heirs of those children not surviving. Lillian Sewell's children or their respective heirs are as follows:

    a)  Carlton Sewell
        107 Morris Drive
        Sulphur Springs, Texas   75482

    b)  Truitt Sewell
        210 Sewell Lane
        Sulphur Springs, Texas   75482

    c)  Truman Sewell is deceased. His children are:
        (1)  Anita Counts
             320 Craig Street
             Sulphur Springs, Texas 75482

        (2)  Troy Sewell
             1032 N. Davis Street
             Sulphur Springs, Texas 75482

    d)  O.C. Sewell is deceased. His child is:
        (1)  Linda Dry
             6700 Tenderfoot Ave.
             Firestone, CO  80504

    e)  Royce Sewell is deceased and had no children.

 TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

3

5. **Sue Neal** is a surviving cousin whose address is in care of Janet Neal Stanley, 608 Willowood Lane, Lancaster, Texas 75134.

6. **Alleen Neal** is a surviving cousin whose address is 2603 Lake Ridge Road, Red Oak, Texas 75154.

7. **Woodrow Wells** was a cousin of decedent but is deceased. His five children are:

   a)  Robert Wells
       101 Lassater
       Red Oak, Texas   75154

   b)  Harold Wells
       714 Wayne Lee
       Lancaster, Texas   75146

   c)  Tracy Wright
       2241 Mont Claire
       Lancaster, Texas   75146

   d)  Cynthia Terrell
       920 Sycamore Lane
       Lancaster, Texas 75146

   e)  Nick Wells
       101 Mabry Lane
       Red Oak, Texas   75154

8. **Melanie Wells** is a surviving cousin of decedent whose address is 6729 Lake Circle Drive, Dallas, Texas 75214.

## X.

The original will provides that no action be had or taken by the Probate Court other than probating the will and filing an inventory and appraisement of the estate and a list of claims.

## XI.

Neither Texas, nor any governmental agency of Texas, nor any charitable organization is named in the will as a devisee.


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

4

WHEREFORE, applicant requests that citation be issued to all persons interested in this estate as required by law, that the will be admitted to probate, that letters testamentary be issued to applicant and that such other and further orders be made as the Court may deem proper.

Respectfully submitted,

Chad Cable
State Bar No. 03575300
323 Gilmer St.
Sulphur Springs, Texas 755482
Telephone (903) 885-1500
Telecopier (903) 885-7501

Attorney for Applicant and Contestants


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

5

THE STATE OF TEXAS        §

COUNTY OF DALLAS          §

KNOW ALL MEN BY THESE PRESENTS: That I, **VELMA RUTH FITZGERALD**, of Dallas County, Texas, being of sound and disposing mind and memory, and above the age of eighteen (18) years, do hereby make, publish and declare this to be my Last Will and Testament, and hereby revoke all previous wills, if any, by me at any time heretofore made.

### I.

It is my desire that all of my legal debts shall be paid in full as soon as convenient by my Executrix without undue burden upon my estate, provided that my said Executrix may renew and extend any indebtedness owed by me if in her discretion it will be of benefit to my estate.

### II.

I give and bequeath the following special bequests:

1. $100,000.00 to the Thru the Bible Radio Network, 1095 East Green Street, Pasadena, California 91106;

2. Subject to the Trust provisions of Paragraph V, $25,000.00 to NICHOLAS RYAN MARYOL to help with his college education;

3. $10,000.00 to CRESTVIEW BAPTIST CHURCH, Dallas, Texas.

### III.

All the rest and residue of my estate, real, personal or mixed, of every character, of which I may die seized and possessed, or to which I may be entitled at or after my death, I hereby give, devise and bequeath, in equal shares to LILLIAN SEWELL, SUE NEAL, ALEEN NEAL, WOODROW WELLS, and MELANIE WELLS, share and share alike,





FILED IN
COUNTY CLERK

provided that if any of my named devisees die before me leaving issue surviving, then such deceased devisee's share shall be distributed to his, her or their issue, such issue taking per stirpes and not per capita.

IV.

If any beneficiary or beneficiaries under this Will, and I, should die in a common accident or disaster, or under such circumstances that it is doubtful which of us died first, or within thirty (30) days of my death, then all of the provisions of this Will shall take effect in like manner as if such beneficiary or beneficiaries had predeceased me.

V.

In the event, NICHOLAS RYAN MARYOL has not reached to age of eighteen (18) years, I hereby give, devise and bequeath the portion of my estate herein bequeathed to him, to SUE NEAL, such person to hold such estate as Trustee and manage and control same as a Trust Estate for NICHOLAS RYAN MARYOL, with all of the rights and powers and subject to all the limitations hereinafter enumerated for the following uses and purposes:

A. I direct my Trustee from the income of such Trust, and so far as necessary from the principal thereof, to provide for the health and welfare of the beneficiary of such Trust so created as his needs dictate, such expenditures to be in the sole discretion of my said Trustee. Such expenditures may only be made in one of the following ways:

1) Directly to the person or organization furnishing the medical care or education for such beneficiary;




TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

2) To the natural guardian or legally appointed guardian based upon receipts for actual expenditures for the benficiary; or
3) Directly to such beneficiary.

B.  I authorize and empower my Trustee to sell, exchange, assign, transfer and convey any security or property, real or personal, which is a part of such Trust Estate, at public or private sale, at such time and price and upon such terms and conditions, including credit, as my Trustee may determine. I further authorize my Trustee to incur such expenses or charges in the management of such Trust Estate as my Trustee shall see fit, and to pay taxes and other charges for governmental assessments.

C.  Any Trust created herein shall be governed, by the provisions of the Texas Trust Act, in effect at my death, except as herein otherwise provided, and I hereby give, to the Trustee all of the authority and powers in administering the said Trust as is provided by said Texas Trust Act. The Trustee shall not be required to give bond for the management of the Trust, nor shall the Trustee be liable for any error of judgment, or for any acts done, or steps taken or omitted, under the advise of counsel, or for any mistake of fact or law, or for any thing my Trustee might do or refrain from doing in good faith.

D.  The Trustee shall not recognize any transfer, mortgage, pledge, or assignment of any beneficiary by way of anticipation of income or principal. The income and principal of any Trust hereunder shall not be subject to transfer by operation of law, and shall be exempt from the claims of creditors or other claimants, and from orders, decrees, levies, attachments, garnishments, executions, and other legal and equitable process or proceedings to the fullest extent permissible by law.

E.  The Trust shall continue during the lifetime of the beneficiary of such Trust, and until





TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

he reached the age of eighteen (18) years, at which time, such Trust shall terminate, and the corpus and any accrued income shall be distributed to NICHOLAS RYAN MARYOL, or if he be deceased, to the devisees named in Paragraph III of this Will, to be determined as though I had died on the date of the termination of the Trust.

F. In the event SUE NEAL, shall at any time cease or be unable to serve as Trustee, I appoint DAVID MARYOL as Substitute Trustee, hereby granting to him the same powers and limitations granted to my named Trustee.

## VI.

If any beneficiary of this Will is under a legal disability, my Executrix may make a distribution to that beneficiary in any one or more of the following ways:

a. To such beneficiary directly;

b. To the guardian or conservator of such beneficiary;

c. To a relative of the beneficiary to be expended by such relative on behalf of the beneficiary;

d. To a custodian selected by the Executrix under an applicable Uniform Gifts to Minors Act;

e. To a Trustee provided for by separate instrument; or

f. By my Executrix expending the same directly for the benefit of such beneficiary.

## VII.

I hereby constitute and appoint SUE NEAL, as Independent Executrix of this, my Last Will and Testament, and direct that no




TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

bond or other form of security shall ever be required of her as such, and that no other action shall be had in the County Court in relation to the settlement of my estate, other than the return of statutory inventory, appraisement and list of claims of my estate. I specifically authorize and empower my said Executrix to sell, dispose of, deliver and convey any portion of my estate, real or personal, at public or private sale for any price, on such terms and in such manner as may to her seem best.

In the event SUE NEAL, shall not survive me, or in the event she shall fail to qualify as Independent Executrix hereunder, or having qualified shall die or resign, then in such event, I do hereby appoint WOODROW WELLS, as Substitute Independent Executor, hereby granting to him the same powers and immunities as hereinabove granted to my named Executrix.

THIS I MAKE AND PUBLISH as my Last Will and Testament, hereunto subscribing and signing my name, this the 26 day of April, 1993.

*Velma Ruth Fitzgerald*
VELMA RUTH FITZGERALD

This and the foregoing four (4) page typewritten instrument was now here published as her Last Will and Testament, and signed and subscribed by **VELMA RUTH FITZGERALD**, Testatrix, in our presence, and we, at her request, and in her presence, and in the presence of each other, sign and subscribe our names thereto as attesting witnesses.

Betty Stanton    1420 nations Bank - Dallas, TX 75208

Kathy Dunlap    1420 nations Bank - Dallas, TX 75208

WITNESSES                ADDRESSES

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

THE STATE OF TEXAS          §

COUNTY OF DALLAS          §

BEFORE ME, the undersigned authority, on this day personally appeared **VELMA RUTH FITZGERALD,** Betty Stanton, and Kathy Dunlap, known to me to be the testatrix and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and all of said persons being by me duly sworn, the said **VELMA RUTH FITZGERALD,** testatrix, declared to me and to the said witnesses in my presence that said instrument is her Last Will and Testament, and that she had willingly made and executed it as her free act and deed; and the said witnesses, each on their oath stated to me, in the presence and hearing of the said testatrix, that the said testatrix had declared to them that said instrument is her Last Will and Testament, and that she executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said testatrix and at her request; that she was at that time eighteen years of age or over (or being under such age, was or had been lawfully married, or was then a member of the armed forces of the United States or of an auxiliary thereof or of the Maritime Service) and was of sound mind; and that each of said witnesses was then at least fourteen years of age.


_____
**VELMA RUTH FITZGERALD,** Testatrix

_____
**WITNESS**

_____
**WITNESS**


Subscribed and sworn to before me by the said **VELMA RUTH FITZGERALD,** Testatrix, and by the said Betty Stanton and Kathy Dunlap, witnesses, this __26__ day of April, 1993.

_____
NOTARY PUBLIC, STATE OF TEXAS

WYNN G. STANTON
Notary Public
State Of Texas
My Comm. Exp. June 1, 1997

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

## NO. P08 – 13,106

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## OPPOSITION TO PROBATE OF WILL

TO THE HONORABLE JUDGE OF SAID COURT:

TRUITT SEWELL, joined herein by Sue Neal, Melanie Wells, Robert Wells, Harold Wells, Tracy Wright, Cynthia Terrell, Nick Wells, Alleen Neal, Nicholas Maryol, Anita Counts and Troy Sewell, all for the purpose of opposing the application for probate of the will of VELMA RUTH FITZGERALD, dated August 8, 2007, as a muniment of title, filed by Carlton Sewell, proponent, in this Court on January 2, 2008, furnish the following information to the Court:

### I.

Contestants are persons interested in the estate of VELMA RUTH FITZGERALD, in that contestants are devisees under a will dated April 26, 1993, of VELMA RUTH FITZGERALD, deceased.

### II.

The allegations in proponent's application for probate setting forth: (1) deceased's name, age, and domicile; (2) the fact, date, and place of deceased's death; (3) the facts showing jurisdiction and venue; and (4) the description and probable value of the property owned by deceased at the time of death, are admitted by contestants and are adopted and made part of this opposition.

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

1

III.

Excepting the matters stipulated in Paragraph II, contestants deny generally the allegations contained in proponent's application for probate and demand strict proof by a preponderance of the credible evidence.

IV.

The instrument dated August 8, 2007, filed in this Court along with the application for probate on January 2, 2008, and purporting to be the last will and testament of VELMA RUTH FITZGERALD, deceased, is not a lawful and valid will of VELMA RUTH FITZGERALD, deceased, and it should not be admitted to probate.

V.

On the date of the alleged execution of the purported will of August 8, 2007, VELMA RUTH FITZGERALD lacked the testamentary capacity required by law to make a valid last will and testament in that she lacked the ability to know and understand the business in which she was engaged, the effect of the act of making a will, the objects of her bounty and their claims upon her, and the general nature and extent of her property. Nor on that date did the deceased have sufficient memory to collect in her mind the elements of the business to be transacted and to hold them long enough to perceive at least their obvious relation to each other and to be able to form a reasonable judgment as to them.

VI.

The instrument dated August 8, 2007, was executed as the result of undue influence exerted over the deceased by Carlton Sewell and his agents. Influence existed and exerted, that influence effectively operated so as to subvert or overpower the mind of



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

2

the deceased at the time of the execution of the instrument in question, and the deceased would not have executed that instrument but for that influence. This undue influence was exercised in the following manner:

The evidence will show that Carlton Sewell and his agents were systematically engaged in gaining psychological control of the Decedent through a scheme of telling Decedent untrue statements concerning her family members, the nature of her estate and her living circumstances.

By sequestering the Decedent from her other family members and even, on two occasions, physically threatening and assaulting other family members, Carlton Sewell prevented contact with the Decedent that might have endangered his goal of absconding with the estate.

Contestants will show that in furtherance of his greedy plan, Carlton Sewell utilized the Decedent's power of attorney to convert certain of Decedent's assets to his own benefit prior to Decedent's death.

## VII.

Contestants have joined in the filing of Decedent's true and lawful will dated April 26, 1993, along with this opposition and respectfully request the admission to probate of that will contemporaneous with setting aside the offending will.

WHEREFORE, Contestants request that upon trial hereof the instrument offered by proponent Carlton Sewell be set aside, and that in the interim the Order Probating Will as a Muniment of Title be withdrawn.

Contestants pray for such other and further relief as the Court may deem proper.


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

3

Respectfully submitted,

Chad Cable
State Bar No. 03575300
323 Gilmer St.
Sulphur Springs, Texas   755482
Telephone (903) 885-1500
Telecopier (903) 885-7501

Attorney for Contestants

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

4

```
NO:        P08-13106
```

## STATE OF TEXAS

TO ALL PERSONS interested in the estate of   FITZGERALD,VELMA RUTH DECD
STANLEY,JANET NEAL              has filed in the County Court of
Hopkins County, an application for the Probate of the Last Will and
Testament of said FITZGERALD,VELMA RUTH DECD      , said will filed
on  30th  day of January  , 2008   with said application, and for
Letters Testamentary.

      The file number of such application and the Probate Docket Number
being No.        P08-13106.

      **ALL PERSONS** interested in said estate **ARE CITED TO APPEAR** in the
County Court of Hopkins County, Texas, in the Courthouse thereof at or
before 10 o'clock a.m. on the first Monday after service is perfected by
the completion of such posting, which is the  11th  day of February ,
2008   to contest said application if they desire to do so, by filing
opposition in writing.
The name and address of the attorney for applicant, or the address of
applicant is:

CHAD CABLE
323 GILMER STREET

SULPHUR SPRINGS, TX 75482

The officer executing this Citation shall post the copy of this Citation
at the Courthouse door of the County in which this proceeding is pending,
or at the place in or near said Courthouse where public notices customarily
are posted, for not less than 10 days before the return day thereof,
exclusive of the date of posting and return the original copy of this
Citation to the Clerk stating in a written return thereon the time and
place where he posted such copy..

GIVEN UNDER MY HAND AND OFFICIAL SEAL, at Sulphur Springs, Texas
 31st  day of January  , 2008 .


DEBBIE SHIRLEY, COUNTY CLERK
HOPKINS COUNTY, TEXAS

BY                                    DEPUTY

ADDRESS OF CLERK:    P. O. BOX 288
                     SULPHUR SPRINGS, TX 75483

### SHERIFF'S RETURN

Came to hand on  1-30-2008 at ___4:11___ o'clock, _P_ M. and executed on
 1-30-2008, by posting a copy of the within Citation for ten days,
exclusive of the day of posting, before the return day hereof.
At the place in or near the Courthouse of Hopkins County, Texas, where
public notices customarily are posted.

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

CHARLES (BUTCH) ADAMS, SHERIFF
HOPKINS COUNTY, TEXAS
BY _____ DEPUTY

CAUSE NO. *A08-13106*

| IN THE ESTATE OF | ) | IN THE COUNTY COURT |
| | ) | |
| VELMA RUTH FITZGERALD | ) | |
| | ) | |
| DECEASED | ) | HOPKINS COUNTY, TEXAS |

FILED FOR RECORD
HOPKINS COUNTY, TEXAS
2008 FEB 14 PH 28
DEBBIE SHIRLEY
COUNTY CLERK
BY_____ DEPUTY

## ORDER OF TRANSFER

On the 14th day of February, 2008, the County Court of Hopkins County Texas transfers the above-entitled cause to the County Court at Law for the purpose of hearing any and all contested matters.

Signed this the 14th day of February, 2008.

_____
Judge Cletis Millsap

_____
Judge Amy SMith

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

FILED FOR RECORD
HOPKINS COUNTY, TEXAS

2008 FEB 14 PM 4:09

DEBBIE SHIRLEY
COUNTY CLERK

BY_____ DEPUTY

NO. P08-13,106

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## OPPOSITION TO APPLICATION FOR PROBATE OF WILL AND FOR LETTER TESTAMENTARY
## AND
## ANSWER TO OPPOSITION TO PROBATE OF WILL

TO THE HONORABLE JUDGE OF SAID COURT:

CARLTON SEWELL, for the purpose of opposing the *Application for Probate of Will and For Letters Testamentary*, filed January 30, 2008, by Janet Neal Stanley, and further for the purpose of answering the *Opposition to Probate of Will* filed on January 30, 2008, by Truitt Sewell, et al, furnishes the following information to the Court:

I.

Carlton Sewell is the Independent Executor named in the *Last Will and Testament of Velma Ruth Fitzgerald*, executed by Ms. Fitzgerald on the 8th of August, 2008[1]. Mrs. Fitzgerald passed away on December 31, 2007. Application to probate the above referenced Last Will and Testament was filed on January 2, 2008. The County Court for Hopkins County, Texas, hearing probate matters, issued an order probating the will as a muniment of title on January 15, 2008.

II.

Citation was served and returned in the manner and for the length of time required by law, and no objection to the subject application was made or filed.

III.

The *Opposition to Probate of Will* filed by Truitt Sewell, et al, was filed on January 30, 2008,

---

[1] This will expressly revoked all prior wills, including but not limited to the will purportedly executed by the decedent on or about April 26, 1993, which the opposing parties sponsor and seek to have admitted to probate.

OPPOSITION TO APPLICATION FOR PROBATE OF WILL
AND FOR LETTERS TESTAMENTARY                                                                    -PAGE 1-


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

and was thus not timely filed and should be stricken. The *Application for Probate of Will and For Letter Testamentary* filed by Janet Neal Stanley was also filed on January 30, 2008, and was thus not timely filed and should be stricken.

## IV.

Carlton Sewell denies the allegation that the decedent lacked testamentary capacity when she executed the will which has already been ordered probated as a muniment of title. Further, Carlton Sewell denies the slanderous allegation in the above-referenced parties' pleadings that Velma Ruth Fitzgerald's last will and testament, dated August 8, 2008, was executed as the result of undue influence exerted over the decedent by Carlton Sewell and his agents.

## V.

Carlton Sewell prays for reimbursement of attorney's fees and costs as allowed under section 243 of the Texas Probate Code

WHEREFORE, Carlton Sewell requests that the offending will offered by Janet Neal Stanley be set aside by virtue of the later executed will which revoked it and because such filing was untimely. Additionally, Carlton Sewell requests that the *Opposition to the Probate of the Will* filed by Truitt Sewell, et al, be set aside as being untimely filed and void. Carlton Sewell further prays for such other and further relief as the Court may deem proper.

Respectfully submitted,

LAW OFFICE OF EDDIE NORTHCUTT
P.O. Box 308
1331 South Broadway
Sulphur Springs, Texas 75483-0308
Tel: (903) 885-7577
Fax: (903) 885-7579

By: _____
Eddie Northcutt
State Bar No. 24626456
Attorney for Defendant


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I certify that on February 14, 2008 a true and correct copy of the *Opposition to Application for Probate of Will and For Letters Testamentary and Answer to Opposition to Probate of Will* was served on Chad Cable by facsimile 903-885-7501

_____
Eddie Northcutt

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

## NO. P08 – 13,106

ESTATE OF         §    IN THE COUNTY COURT

              §

VELMA RUTH FITZGERALD,    §

DECEASED         §    HOPKINS COUNTY, TEXAS

### AMENDED APPLICATION FOR PROBATE OF WILL
### AND
### FOR LETTERS TESTAMENTARY



TO THE HONORABLE JUDGE OF SAID COURT:

   JANET NEAL STANLEY, applicant, for purpose of probating the written will of

VELMA RUTH FITZGERALD, deceased, and for issuance of letters testamentary,

furnishes the following information to the Court:

### I.

   Applicant is interested in this estate and is an individual residing at 608

Willowood Lane, Lancaster, Dallas County, Texas 75134.

### II.

   Decedent died on December 31, 2007, in Sulphur Springs, Hopkins County,

Texas, at the age of eighty six (86) years.

### III.

   This Court has jurisdiction and venue because deceased was domiciled and had a

fixed place of residence in this county at the time of death.

### IV.

   Decedent owned personal and real property is excess of $600,000.00.



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

1

## V.

Decedent executed a will dated April 26, 1993, a copy of which is attached to this application as "Exhibit A".

The original of the April 26, 1993 will has not been located but is believed to have last been in the possession of Carlton Sewell who is the applicant in a competing application.

In that competing application, Carlton Sewell sponsors a will which applicant herein together with other interested parties are contesting.

## VI.

Decedent's will named your applicant's mother, Sue Neal, as independent executrix and Woodrow Wells as an alternate. Sue Neal is incapacitated and Woodrow Wells is deceased.

Applicant is willing to serve as Executrix, is not disqualified and is the choice of the other interested devisees aligned with her.

## VII.

As shown in "Exhibit A", an original of the April 26, 1993 will would be self-proving if found. Absent that, applicant will prove that the will was executed by Decedent.

## VIII.

No child was born to or adopted by Decedent during her lifetime. Decedent was a widow at the time of her death.



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

2

## IX.

The names and addresses of the devisees and their relationships to Decedent are as follows:

1. **Thru the Bible Radio Network** is an organized ministry located at 1095 East Green Street, Pasadena, California 91106.

2. **Nicholas Ryan Maryol** is a nephew of decedent who may be contacted in care of the Law Offices of Chad Cable, 323 Gilmer Street, Sulphur Springs, Texas 75482.

3. **Crestview Baptist Church** was an organized ministry located in Dallas, Texas, which may no longer exist.

4. **Lillian Sewell** was an aunt of decedent but is deceased. Under the terms of the will her share would pass to her issue, or the heirs of those children not surviving. Lillian Sewell's children or their respective heirs are as follows:

    a) Carlton Sewell
    107 Morris Drive
    Sulphur Springs, Texas 75482

    b) Truitt Sewell
    210 Sewell Lane
    Sulphur Springs, Texas 75482

    c) Truman Sewell is deceased. His children are:
    (1) Anita Counts
    320 Craig Street
    Sulphur Springs, Texas 75482

    (2) Troy Sewell
    1032 N. Davis Street
    Sulphur Springs, Texas 75482

    d) O.C. Sewell is deceased. His child is:
    (1) Linda Dry
    6700 Tenderfoot Ave.
    Firestone, CO 80504

    e) Royce Sewell is deceased and had no children.


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
CO...

3

5. **Sue Neal** is a surviving aunt whose address is in care of Janet Neal Stanley, 608 Willowood Lane, Lancaster, Texas 75134.

6. **Alleen Neal** is a aunt whose address is 2603 Lake Ridge Road, Red Oak, Texas 75154.

7. **Woodrow Wells** was an uncle of decedent but is deceased. His five children are:

   a) Robert Wells
      101 Lassater
      Red Oak, Texas 75154

   b) Harold Wells
      714 Wayne Lee
      Lancaster, Texas 75146

   c) Tracy Wright
      2241 Mont Claire
      Lancaster, Texas 75146

   d) Cynthia Terrell
      920 Sycamore Lane
      Lancaster, Texas 75146

   e) Nick Wells
      101 Mabry Lane
      Red Oak, Texas 75154

8. **Melanie Wells** is a surviving cousin of decedent whose address is 6729 Lake Circle Drive, Dallas, Texas 75214.

## X.

The original will provides that no action be had or taken by the Probate Court other than probating the will and filing an inventory and appraisement of the estate and a list of claims.

## XI.

Neither Texas, nor any governmental agency of Texas, nor any charitable organization is named in the will as a devisee.


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS

4

WHEREFORE, applicant requests that citation be issued to all persons interested in this estate as required by law, that the will be admitted to probate, that letters testamentary be issued to applicant and that such other and further orders be made as the Court may deem proper.

Respectfully submitted,

Chad Cable
State Bar No. 03575300
323 Gilmer St.
Sulphur Springs, Texas   755482
Telephone (903) 885-1500
Telecopier (903) 885-7501

Attorney for Applicant and Contestants

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

5

FILED FOR RECORD
THIS COUNTY, T...

2009 JAN 16 PM 4: 25

COUNTY CLERK

DEPUTY

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## MOTION FOR WITHDRAWAL OF COUNSEL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Movant, Eddie Northcutt, Attorney for Defendant, Carlton Sewell, (hereinafter Defendant), and brings this *Motion for Withdrawal of Counsel*, and in support thereof, shows the Court the following:

I.

Good cause exists for withdrawal of Movant as counsel because Movant is unable effectively to communicate with Defendant. Defendant consents to the withdrawal of Eddie Northcutt as his attorney of record.

II.

The settings and deadlines in this case are as follows: NONE.

III.

This Motion is not sought for the purposes of delay, but that justice be done..

IV.

A copy of this motion bearing the enclosed notice has been delivered to the last known address of Defendant:

> Carlton Sewell
> 107 Morris Dr.
> Sulphur Springs, TX 75482

V.

Defendant is hereby notified in writing of the right to object to this motion.

---

MOTION FOR WITHDRAWAL OF COUNSEL PAGE 1



TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

<u>NOTICE</u>

**You are hereby notified that this** *Motion for Withdrawal of Counsel* **is set for hearing at the time and place set out below. You do not have to agree to this motion. If you wish to contest the withdrawal of Eddie Northcutt as your attorney, you should appear at the hearing. If you do not oppose Eddie Northcutt's withdrawal as your attorney, you may notify Eddie Northcutt in writing of your consent to this motion.**

**WHEREFORE, PREMISES CONSIDERED**, Movant prays that the Court enters an order discharging Movant as attorney of record for Defendant, Carlton Sewell, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

LAW OFFICE OF EDDIE NORTHCUTT

By: _____
Eddie Northcutt
Texas Bar No. 24026456
1331 South Broadway, Suite A
P.O. Box 308
Sulphur Springs, Texas 75483-0308
Tel. (903) 885-7577
Fax. (903) 885-7579

<u>CERTIFICATE OF SERVICE</u>

I certify that on January __16__ , 2009 a true and correct copy of Eddie Northcutt's *Motion for Withdrawal of Counsel* was served by facsimile transmission on Chad Cable at 903-885-7501.

_____
Eddie Northcutt

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

FILED FOR RECORD
PKINS COUNTY, T

2009 JAN 23  PM 2: 34

**ESTATE OF** §     **IN THE COUNTY COURT**

§     COUNTY CLERK

**VELMA RUTH FITZGERALD,** §

**DECEASED** §     **HOPKINS COUNTY, TEXAS**
    BY     DEPUTY

## CONSENT TO WITHDRAWAL OF COUNSEL

My name is Carlton Sewell. I hired Eddie Northcutt in February of 2008 to represent me in this case. Mr. Northcutt and I have recently come to a mutual agreement to sever our legal services agreement. I have picked up my entire litigation file from Mr. Northcutt and we have settled our financial arrangement in full.

I consent to the withdrawal of Eddie Northcutt as my attorney of record in this case.

Dated the 21 day of January, 2009.

               _____
               CARLTON SEWELL



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

NO. P08-13,106

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

FILED FOR RECORD
HOPKINS COUNTY, T
2009 JAN 23 PM 2: 34

COUNTY CLERK
BY
DEPUTY

## ORDER GRANTING MOTION FOR WITHDRAWAL OF COUNSEL

On _____ 1-23 _____, 2009, the Court considered the *Motion for Withdrawal of Counsel* by Movant Eddie Northcutt.

The Court finds that:

1. Good cause exists for withdrawal of Movant as counsel and withdrawal of Movant is not sought for delay only.

2. Defendant consents to the withdrawal of Eddie Northcutt and the court finds that no party incurs a detriment by allowance of this motion.

3. The current settings and deadlines are:

NONE.

**IT IS THEREFORE ORDERED** that Movant is permitted to withdraw as counsel of record for Defendant and **ORDERED** that all notices in this cause shall hereafter be served on Defendant either delivered in person or sent by certified and first class mail to the address in the motion.

**IT IS FURTHER ORDERED** that Eddie Northcutt, Movant, immediately notify Defendant Carlton Sewell in writing of any additional settings or deadlines of which Eddie Northcutt now has knowledge and has not already notified Defendant.



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

SIGNED on _____ /-23 _____, 2009

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
Eddie Northcutt
Attorney for Carlton Sewell
1331 South Broadway, Suite A
P.O. Box 308
Sulphur Springs, Texas 75483-0308
Tel: (903) 885-7577
Fax: (903) 885-7579

_____
Chad Cable
Attorney for Truitt Sewell, et all
858 Gilmer Street
Sulphur Springs, Texas 75482
Tel: 903-885-1500
Fax: 903-885-7501


TRUE AND CORRECT
COPY OF ORIG
FILED IN

**ORDER GRANTING WITHDRAWAL OF COUNSEL** **-PAGE 2-**

FILED FOR RECORD

200 MAY 12 P 2: 42

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## MOTION FOR APPOINTMENT OF INDEPENDENT EXECUTOR

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CHAD CABLE, counsel for the family members contesting the probate application filed by Carlton Sewell in the above styled and numbered proceeding, requesting relief as follows:

### 1. *CURRENT PROCEDURAL POSTURE*

Carlton Sewell sponsored a will as a muniment of title.

Movants have filed an application and sponsor an earlier will.

Discovery is in progress and could be completed soon.

Carlton Sewell's counsel has withdrawn and there is no substitute at this time.

### 2. *INDEPENDENT ADMINISTRATION IS NECESSARY*

The estate owns a farm in Wilbarger County, Texas. A long time tenant, presumably agreeable to both sides, must have an authorized representative in place in order to access federal funds available through the Farm Service Agency.

Time is of the essence. Without the federal subsidy the tenant and the estate will be harmed.

*MOTION FOR APPOINTMENT OF INDEPENDENT EXECUTOR*



TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

1

WHEREFORE, PREMISES CONSIDERED, Movants request the appointment of

an Independent Executor authorized to conduct the affairs of VELMA RUTH

FITZGERALD pending the outcome of this will contest litigation..

Respectfully submitted,

Chad Cable
State Bar No. 03575300
323 Gilmer St.
Sulphur Springs, Texas 755482
Telephone (903) 885-1500
Telecopier (903) 885-7501

Attorney for Applicant and Contestants

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument has been served on Carlton Sewell, pro se, in accordance with the Texas Rules of Civil Procedure, on this _/2ᵗʰ_ day of May, 2010.

|        |                                        |
|--------|----------------------------------------|
| X      | Certified mail/Return receipt requested |
|        | Telecopier (fax)                       |
|        | Federal Express                        |
|        | Courier with Receipt                   |
|        | Registered mail/Return receipt requested |
|        | Regular Mail                           |
|        | Personal Hand Delivery                 |

Date: May /2ᵗʰ, 2010.

Chad Cable

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | OF |
| | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## ORDER ON MOTION TO TRANSFER CONTESTED PROBATE MATTER

On this day the Court considered the Motion to Transfer Contested Probate Matter in the above-styled and numbered cause. After due consideration of the Motion, this Court is of the opinion that said Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that this matter, and the original file, together with certified copies of all entries in the judge's probate docket theretofore made, be transferred to County Court at Law, Hopkins County.

SIGNED this **20th** day of **May**, 2010.

JUDGE PRESIDING

**Order on Motion to Transfer Contested Probate Matter**                              Page Solo



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| VELMA RUTH FITZGERALD, | § | OF |
| | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## ORDER APPOINTING PERSONAL REPRESENTATIVE (TEMPORARY) PENDING CONTEST

On this day the Court heard the Motion for Appointment of Personal Representative (Temporary) Pending Will Contest in the above-styled and numbered cause. The Court, after hearing the evidence and reviewing the documents, and the arguments of counsel finds that VELMA RUTH FITZGERALD is deceased; four (4) years have not passed since the death of Decedent; that the Court has jurisdiction and venue over this Estate; that a contest has been filed by Truitt Sewell, *et al.* ("Contestants") as to Decedent's Will dated August 8, 2007, which Will has been admitted to probate as a Muniment of Title in the above-styled and numbered cause; that on or about January 30, 2008, Contestants filed their Opposition to Probate Will and the Proponent of the alleged Will dated April 26, 1993; that Movant herein filed a Motion for Appointment of Personal Representative (Temporary) Pending Will Contest on or about May 12, 2010; that the parties have agreed that Larry Phillip Morgan be appointed to serve as Temporary Administrator Pending Contest of VELMA RUTH FITZGERALD's Estate, that Larry Philip Morgan would be suitable to serve as Temporary Administrator Pending Contest and is not disqualified from acting as such and should be appointed as Temporary Administrator Pending Contest of Decedent's Estate.

It is therefore, ORDERED that Larry Phillip Morgan, is hereby appointed Temporary Administrator Pending Contest ("Temporary Administrator") pursuant to Texas Probate Code

Order Appointing Temporary Administrator Pending Contest          Page 1



TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

Sections 131A - 133, of the Estate.

It is further ORDERED that the Temporary Administrator shall have all rights, powers and authority to act as a temporary dependent administrator of a Decedent's Estate under the Texas Probate Code with the powers and authority granted under Section 133 of the Texas Probate Code as set forth in the attached Exhibit "A".

It is further ORDERED that the Clerk shall give such notice as required by law and issue Letters of Temporary Administration to Larry Phillip Morgan within three (3) days after Temporary Administrator has qualified according to law.

It is further ORDERED that appointment as Temporary Administrator shall remain in effect for 180 days from date hereof unless hereafter modified by order of this Court.

It is further ORDERED that, by agreement of the parties, bond is waived and no bond shall be required of the Temporary Administrator.

SIGNED this _____ day of ___May___, 2010.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
Carlton Sewell ("Movant")
6940 Hwy. 11 E
Sulphur Springs, TX 75482

_____
Chad Cable
323 Gilmer Avenue
Sulphur Springs, TX 75482
903.885.1500
Attorney for Contestants

**Order Appointing Temporary Administrator Pending Contest**                    **Page 2**



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

EXHIBIT "A"
POWERS AND AUTHORITY


The powers and authority of the Temporary Administrator, Larry Phillip Morgan, are limited to:


Administration of the real estate owned by the estate in Wilbarger County, Texas, including but not limited to supervising farm leases and handling tenant affairs such as approving USDA/FSA documents as might be necessary for lessees of the estate to participate in government agricultural programs.


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| VELMA RUTH FITZGERALD, | § | OF |
| | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## NOTICE OF APPEARANCE AND REQUEST
## FOR NOTICES AND SERVICE OF PAPERS

PLEASE TAKE NOTICE that Frank Bauer files this Notice of Appearance and Request for Service of Notices and Papers and enters this appearance as counsel for Carlton Sewell, Movant, in the above-entitled and numbered cause and respectfully requests that all notices given or pleadings required to be given in these proceedings and all papers served or required to be served in these proceedings, be served upon:

> FRANK BAUER
> P. O. Box 207
> Sulphur Springs, Texas 75483

Respectfully submitted,

Frank Bauer
State Bar No. 01920600
P.O. Box 207
Sulphur Springs, TX 75483-0207
(903) 439-6224 Telephone
(903) 885-1385 Facsimile
**Attorney for Carlton Sewell**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was forwarded to by electronic transmission where available, facsimile or U.S. Mail to the following or Aug 4, 2010, to the following:

Chad Cable, 858 Gilmer, Sulphur Springs, TX 75482 (903.885.7501)

Frank Bauer



TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

# FRANCIS X. BAUER
## *Attorney at Law*

BOARD CERTIFIED<br>ESTATE PLANNING & PROBATE LAW<br>TEXAS BOARD OF LEGAL SPECIALIZATION

**430 CHURCH STREET**<br>
**POST OFFICE BOX 207**<br>
**SULPHUR SPRINGS, TEXAS 75483**

903-439-6224 Telephone<br>
903-885-1385 Facsimile<br>
*fbauer@easttexasattorneys.com*

August 10, 2010

Debbie Shirley, County Clerk<br>
Hopkins County Courthouse<br>
P.O. Box 288<br>
Sulphur Springs, TX 75483

      Re:    Cause No. P08-13106; *In The Estate of Velma Ruth Fitzgerald, Deceased;* in the County Clerk, Hopkins County, Texas

Dear Clerk:

Enclosed please find an original and one (1) copy of Affidavit with attachment to be filed in the above-referenced file. Please return a file-stamped copy in the pre-posted envelope enclosed.

By copy hereof, Chad Cable is receiving the within document.

                       Yours truly,

                       Frank Bauer

FXB/br<br>
Encs.<br>
c: w/Encs.:    Chad Cable


TRUE AND CORRECT<br>
COPY OF ORIGINAL<br>
FILED IN HOPKINS<br>
COUNTY CLERK'S CFFICE

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| VELMA RUTH FITZGERALD, | § | OF |
| | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared Frank Bauer, who, upon oath, stated to me as follows:

"My name is Frank Bauer. I am over the age of eighteen years, am of sound mind and memory, having never been convicted of a felony, and, state as follows:

"I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"In accordance with Chapter 123 of the Texas Probate Code, attached hereto as Exhibit "A" is a copy of a letter to the Office of the Attorney General, State of Texas, Charitable Trust Section of the Consumer Protection Division, which letter complies with the requirements of Chapter 123 of the Texas Probate Code.

"This Affidavit is made for the purpose of filing in the above-referenced probate proceeding this document as evidence of compliance with Chapter 123, Texas Probate Code."

Further, Affiant sayeth naught.

SIGNED August _16_, 2010.

_____
Frank Bauer, Affiant

BEFORE ME, the undersigned authority, appeared Frank Bauer, who, on oath stated the within document is true and correct to the best of his knowledge on August _16_, 2010.

_____
NOTARY PUBLIC, STATE OF TEXAS

LILLIE B. ROBINSON
My Commission Expires
March 25, 2012

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

# FRANCIS X. BAUER
### *Attorney at Law*

BOARD CERTIFIED
ESTATE PLANNING & PROBATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

430 CHURCH STREET
POST OFFICE BOX 207
SULPHUR SPRINGS, TEXAS 75483

903-439-6224 Telephone
903-885-1385 Facsimile
fbauer@easttexasattorneys.com

August 10, 2010

Office of the Attorney General
Attn: Charitable Trust Section
of the Consumer Protection Division
P.O. Box 12548
Austin, TX 78711-2548

> Re: Cause No. P08-13106; *In the Estate of Velma Ruth Fitzgerald, Deceased;* in the
> County Court at Law, Hopkins County, Texas

Gentlemen:

The undersigned has recently been retained as counsel for Carlton Sewell in the above-styled and numbered cause.

Enclosed herewith are copies of the following:

1. The Last Will and Testament of Velma Ruth Fitzgerald dated August 8, 2007;
2. The Order Admitting that Will to probate as a muniment of title on or about January 30, 2008;
3. Contestants' (Truitt Sewell, *et. al.*) Opposition to Probate of Will;
4. Application for Probate of Will and for Letters Testamentary in which Janet Neal Stanley is the Applicant; and
5. Opposition to Application for Probate of Will and For Letters Testamentary and Answer to Opposition to Probate of Will filed on behalf of Carlton Sewell.

As may be obvious, Mr. Northcutt has withdrawn his representation of Carlton Sewall and the undersigned has recently filed a Notice of Appearance.

I have not been apprised that your office had previously been provided with notice pursuant to Chapter 123 in this matter. The County Clerk's file does not have an Affidavit of Compliance.

Please contact the undersigned if you have any questions.



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

Yours truly,

Frank Bauer

FXBlbr
Encs.
c w/Encs.:     Client

Chad Cable
858 Gilmer
Sulphur Springs, TX 75482


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

# FRANCIS X. BAUER
## *Attorney at Law*

BOARD CERTIFIED
ESTATE PLANNING & PROBATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**430 CHURCH STREET**
**POST OFFICE BOX 207**
**SULPHUR SPRINGS, TEXAS 75483**

903-439-6224 Telephone
903-885-1385 Facsimile
*fbauer@easttexasattorneys.com*

August 11, 2010

Debbie Shirley, County Clerk
Hopkins County Courthouse
P.O. Box 288
Sulphur Springs, TX 75483

> Re: Cause No. P08-13106; *In The Estate of Velma Ruth Fitzgerald, Deceased;* in the County Clerk, Hopkins County, Texas

Dear Clerk:

Enclosed please find an original and one (1) copy of Certificate of Written Discovery to be filed in the above-referenced file. Please return a file-stamped copy in the pre-posted envelope enclosed.

By copy hereof, Chad Cable is receiving the within document.

Yours truly,

Frank Bauer

FXB/br
Encs.
c: w/Encs.:  Chad Cable



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

No. P08-13106

FILED FOR RECORD
HOPKINS COUNTY, TEXAS

2010 AUG 12 A 10: 54

DEBBIE SHIRLEY
COUNTY CLERK

BY_____DEPUTY

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | OF |
| | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## CERTIFICATE OF WRITTEN DISCOVERY
## DIRECTED TO CHAD CABLE

CARLTON SEWELL files this Certificate of Written Discovery directed to Janet Neal Stanley and Truitt Sewell c/o Chad Cable. Such discovery was forwarded to Chad Cable on or about June 7, 2010.

Request for Production; and

Interrogatories

FRANK BAUER files this Certificate of Written Discovery directed to Janet Neal Stanley and Truitt Sewell c/o Chad Cable. Such discovery was forwarded to Chad Cable on or about August 11, 2010.

Request for Disclosure.

Respectfully submitted,

Frank Bauer
Texas Bar No. 01920600
P.O. Box 207
Sulphur Springs, Texas 75483-0207
Tel. (903)439.6224
Fax. (903)885.1385
Attorney for Carlton Sewell

Defendant's Certificate of Written Discovery                                    Page 1



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I certify that on August 11, 2010, a true and correct copy of Defendant's Certificate of Written Discovery was served to each person listed below by the method indicated.

Sara Hardner Leon, Powell & Leon, LLP, 1706 W. 6th St., Austin, TX 78703-4703.

Frank Bauer

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

No. P08-13106

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| VELMA RUTH FITZGERALD, | § | OF |
| | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

FILED FOR RECORD
...
CERRIE SHIRLEY
COUNTY CLERK
DEPUTY

## SUPPLEMENT TO OPPOSITION
## FOR PROBATE OF WILL AND FOR LETTERS TESTAMENTARY
## AND ANSWER TO OPPOSITION TO PROBATE OF WILL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CARLTON N. SEWELL, and in Supplement to his Opposition for Probate of Will and for Letters Testamentary and Answer to Opposition to Probate of Will, would show unto the Court the following:

I.

The Last Will and Testament of Decedent, dated August 8, 2007, has been admitted to probate as a Muniment of Title in the above-styled and -numbered cause. The Last Will and Testament of Velma Ruth Fitzgerald dated August 8, 2007, states, in part, that it "hereby revoke all previous wills, if any, by me at any time heretofore made." Pleading further, in the alternative, attached hereto and incorporated by reference is the original April 26, 1993, Will executed by Decedent which was physically revoked by Decedent and cannot be revived.

WHEREFORE, CARLTON N. SEWELL prays that probate of Decedent's April 26, 1993, Will be denied probate and for such other and further relief to which he may be entitled.

Supplement to Opposition for Probate of Will and For Letters Testamentary and
Answer to Opposition to Probate Will

Page 1

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

Respectfully submitted,

_(signature)_

Frank Bauer
SBN 01920600
P.O. Box 207
Sulphur Springs, TX 75483
903.439.6224
903.885.1385 Facsimile
Attorney for Carlton N. Sewell

## CERTIFICATE OF SERVICE

On this the 25th day of August, 2010, all counsel of record received copies of the within document via facsimile or U.S. Mail, to-wit:

Chad Cable, 858 Gilmer, Sulphur Springs, TX 75482, 903.885.7501;
Attorney General of Texas; Consumer Protection & Public Health Divsiion, Charitable Trusts Section, P.O. Box 12548, Austin, TX 78711-2548; 512.322.0578;
Bible Radio Network, 1095 E. Green St., Pasadena, CA 91106-2503;
Cockrell Hill Baptist Churth, fka Crestview Baptist Church, 1128 S. Cockrell Hill Rd., Dallas, TX 75211-6210.

_(signature)_

FRANK BAUER

**Supplement to Opposition for Probate of Will and For Letters Testamentary and**
**Answer to Opposition to Probate Will**

**Page 2**

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

THE STATE OF TEXAS §

COUNTY OF DALLAS §

KNOW ALL MEN BY THESE PRESENTS: That I, **VELMA RUTH FITZGERALD**, of Dallas County, Texas, being of sound and disposing mind and memory, and above the age of eighteen (18) years, do hereby make, publish and declare this to be my Last Will and Testament, and hereby revoke all previous wills, if any, by me at any time heretofore made.

## I.

It is my desire that all of my legal debts shall be paid in full as soon as convenient by my Executrix without undue burden upon my estate, provided that my said Executrix may renew and extend any indebtedness owed by me if in her discretion it will be of benefit to my estate.

## II.

I give and bequeath the following special bequests:

1. $100,000.00 to the Thru the Bible Radio Network, 1095 East Green Street, Pasadena, California 91106;

2. Subject to the Trust provisions of Paragraph V, $25,000.00 to NICHOLAS RYAN MARYOL to help with his college education;

3. $10,000.00 to CRESTVIEW BAPTIST CHURCH, Dallas, Texas.

## III.

All the rest and residue of my estate, real, personal or mixed, of every character, of which I may die seized and possessed, or to which I may be entitled at or after my death, I hereby give, devise and bequeath, in equal shares to LILLIAN SEWELL, SUE NEAL, ALEEN NEAL, WOODROW WELLS, and MELANIE WELLS, share and share alike,



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

provided that if any of my named devisees die before me leaving issue surviving, then such deceased devisee's share shall be distributed to his, her or their issue, such issue taking per stirpes and not per capita.

IV.

If any beneficiary or beneficiaries under this Will, and I, should die in a common accident or disaster, or under such circumstances that it is doubtful which of us died first, or within thirty (30) days of my death, then all of the provisions of this Will shall take effect in like manner as if such beneficiary or beneficiaries had predeceased me.

V.

In the event, NICHOLAS RYAN MARYOL has not reached to age of eighteen (18) years, I hereby give, devise and bequeath the portion of my estate herein bequeathed to him, to SUE NEAL, such person to hold such estate as Trustee and manage and control same as a Trust Estate for NICHOLAS RYAN MARYOL, with all of the rights and powers and subject to all the limitations hereinafter enumerated for the following uses and purposes:

A. I direct my Trustee from the income of such Trust, and so far as necessary from the principal thereof, to provide for the health and welfare of the beneficiary of such Trust so created as his needs dictate, such expenditures to be in the sole discretion of my said Trustee. Such expenditures may only be made in one of the following ways:

1) Directly to the person or organization furnishing the medical care or education for such beneficiary;




TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

2) To the natural guardian or legally appointed guardian based upon receipts for actual expenditures for the benficiary; or
    3) Directly to such beneficiary.

B. I authorize and empower my Trustee to sell, exchange, assign, transfer and convey any security or property, real or personal, which is a part of such Trust Estate, at public or private sale, at such time and price and upon such terms and conditions, including credit, as my Trustee may determine. I further authorize my Trustee to incur such expenses or charges in the management of such Trust Estate as my Trustee shall see fit, and to pay taxes and other charges for governmental assessments.

C. Any Trust created herein shall be governed, by the provisions of the Texas Trust Act, in effect at my death, except as herein otherwise provided, and I hereby give, to the Trustee all of the authority and powers in administering the said Trust as is provided by said Texas Trust Act. The Trustee shall not be required to give bond for the management of the Trust, nor shall the Trustee be liable for any error of judgment, or for any acts done, or steps taken or omitted, under the advise of counsel, or for any mistake of fact or law, or for any thing my Trustee might do or refrain from doing in good faith.

D. The Trustee shall not recognize any transfer, mortgage, pledge, or assignment of any beneficiary by way of anticipation of income or principal. The income and principal of any Trust hereunder shall not be subject to transfer by operation of law, and shall be exempt from the claims of creditors or other claimants, and from orders, decrees, levies, attachments, garnishments, executions, and other legal and equitable process or proceedings to the fullest extent permissible by law.

E. The Trust shall continue during the lifetime of the beneficiary of such Trust, and until




TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

he reached the age of eighteen (18) years, at which time, such Trust shall terminate, and the corpus and any accrued income shall be distributed to NICHOLAS RYAN MARYOL, or if he be deceased, to the devisees named in Paragraph III of this Will, to be determined as though I had died on the date of the termination of the Trust.

F. In the event SUE NEAL, shall at any time cease or be unable to serve as Trustee, I appoint DAVID MARYOL as Substitute Trustee, hereby granting to him the same powers and limitations granted to my named Trustee.

## VI.

If any beneficiary of this Will is under a legal disability, my Executrix may make a distribution to that beneficiary in any one or more of the following ways:

a. To such beneficiary directly;

b. To the guardian or conservator of such beneficiary;

c. To a relative of the beneficiary to be expended by such relative on behalf of the beneficiary;

d. To a custodian selected by the Executrix under an applicable Uniform Gifts to Minors Act;

e. To a Trustee provided for by separate instrument; or

f. By my Executrix expending the same directly for the benefit of such beneficiary.

## VII.

I hereby constitute and appoint SUE NEAL, as Independent Executrix of this, my Last Will and Testament, and direct that no




TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

bond or other form of security shall ever be required of her as such, and that no other action shall be had in the County Court in relation to the settlement of my estate, other than the return of statutory inventory, appraisement and list of claims of my estate. I specifically authorize and empower my said Executrix to sell, dispose of, deliver and convey any portion of my estate, real or personal, at public or private sale for any price, on such terms and in such manner as may to her seem best.

In the event SUE NEAL, shall not survive me, or in the event she shall fail to qualify as Independent Executrix hereunder, or having qualified shall die or resign, then in such event, I do hereby appoint WOODROW WELLS, as Substitute Independent Executor, hereby granting to him the same powers and immunities as hereinabove granted to my named Executrix.

THIS I MAKE AND PUBLISH as my Last Will and Testament, hereunto subscribing and signing my name, this the 26 day of April, 1993.

*Velma Ruth Fitzgerald*
**VELMA RUTH FITZGERALD**

This and the foregoing four (4) page typewritten instrument was now here published as her Last Will and Testament, and signed and subscribed by **VELMA RUTH FITZGERALD**, Testatrix, in our presence, and we, at her request, and in her presence, and in the presence of each other, sign and subscribe our names thereto as attesting witnesses.

*Betty Stanton* —1420 NationsBank—Dallas, TX 75208

*Kathy Dunlap* —1420 NationsBank—Dallas, TX 75208

_____
WITNESSES

ADDRESSES

ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE
STATE OF TEXAS

THE STATE OF TEXAS  §

COUNTY OF DALLAS  §

BEFORE ME, the undersigned authority, on this day personally appeared **VELMA RUTH FITZGERALD,** Betty Stanton, and Kathy Dunlap, known to me to be the testatrix and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and all of said persons being by me duly sworn, the said **VELMA RUTH FITZGERALD,** testatrix, declared to me and to the said witnesses in my presence that said instrument is her Last Will and Testament, and that she had willingly made and executed it as her free act and deed; and the said witnesses, each on their oath stated to me, in the presence and hearing of the said testatrix, that the said testatrix had declared to them that said instrument is her Last Will and Testament, and that she executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said testatrix and at her request; that she was at that time eighteen years of age or over (or being under such age, was or had been lawfully married, or was then a member of the armed forces of the United States or of an auxiliary thereof or of the Maritime Service) and was of sound mind; and that each of said witnesses was then at least fourteen years of age.

_____
**VELMA RUTH FITZGERALD,** Testatrix

_____
**WITNESS**

_____
**WITNESS**

Subscribed and sworn to before me by the said **VELMA RUTH FITZGERALD,** Testatrix, and by the said Betty Stanton and Kathy Dunlap, witnesses, this 26 day of April, 1993.

_____
**NOTARY PUBLIC, STATE OF TEXAS**

WYNN G. STANTON
Notary Public
State Of Texas
My Comm. Exp. June 1, 1997

COPY
FILED IN
COUNTY CLERK'S OFFICE

No. P08-13106

| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | | |
| VELMA RUTH FITZGERALD, | § | OF |
| | | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## MOTION FOR WITHDRAWAL OF COUNSEL

This Motion for Withdrawal of Counsel is brought by Frank Bauer, who is attorney of record for CARLTON SEWELL. Frank Bauer requests the Court to grant him permission to withdraw as attorney for CARLTON SEWELL in this case. In support, Frank Bauer shows:

The undersigned is seeking leave of this Court due to withdraw due to a conflict of opinions between the client and the undersigned as to future prosecution of this case.

No hearing has been scheduled. Notice of this Motion is being forwarded to CARLTON SEWELL.

Frank Bauer prays that the Court enter an order discharging him as attorney of record for CARLTON SEWELL.

Respectfully submitted,

_____
Frank Bauer, Attorney at Law
PO Box 207
Sulphur Springs, TX 75483-0207
Tel: (903) 439-6224
Fax: (903) 885-1385
State Bar No. 01920600

MOTION FOR WITHDRAWAL OF COUNSEL

Page 1

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

## Certificate of Service

I certify that a true copy of the above was served on CARLTON SEWELL, 6940 TX Hwy. 11 E, Sulphur Springs, TX 75482; and CHAD CABLE, 858 Gilmer, Sulphur Springs, TX 75482, in accordance with the Texas Rules of Civil Procedure on April 17, 2013.

Frank Bauer

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

No. P08-13106

| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| VELMA RUTH FITZGERALD, | § | OF |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## ORDER ON MOTION FOR WITHDRAWAL OF COUNSEL

On 4/23, 2013, the Court considered the Motion for Withdrawal of Counsel of Frank Bauer.

The Court finds that good cause exists for withdrawal of Frank Bauer as counsel.

The Court finds that the withdrawal of Frank Bauer is not sought for delay only.

IT IS THEREFORE ORDERED that Frank Bauer is permitted to withdraw as counsel of record for CARLTON SEWELL in this case.

SIGNED on 4/23 _____, 2013.

_____
JUDGE PRESIDING

FILED FOR RECORD
HOPKINS COUNTY TEXAS
2013 APR 23 P 2: 03
DEBBIE SHIRLEY
COUNTY CLERK
BY
DEPUTY

ORDER ON MOTION FOR WITHDRAWAL

Page Solo

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

NO. P08-13106

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | AT LAW OF |
| | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

FILED FOR RECORD
HOPKINS COUNTY, TEXAS
2013 A 9: 38
DEBBIE SHIRLEY
COUNTY CLERK
BY_____DEPUTY

## APPEARANCE OF COUNSEL

J. BRAD McCAMPBELL hereby makes this appearance as counsel for CARLTON SEWELL in this case.

Respectfully submitted,

Curtis, Alexander, McCampbell
& Morris, P.C.
Number One Planters Street
P.O. Box 38
Emory, Texas 75440
Tel. (903) 473-2297
Fax. (903) 473-3069

By: _____
J. Brad McCampbell
Texas Bar No. 13358000
ATTORNEYS FOR CARLTON SEWELL

## CERTIFICATE OF SERVICE

I certify that on July 19, 2013, a true and correct copy of this *Appearance of Counsel* was served by certified mail, return receipt requested on Mr. Chad Cable, 323 Gilmer Street, Sulphur Springs, Texas 75482.

_____
J. Brad McCampbell

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE


**NO. P08 – 13,106**

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

### CERTIFICATE OF DEEMED ADMISSIONS

The Request for Admissions attached hereto as Exhibit "A" were served upon the opposing party, Carlton Sewell, via certified mail on May 13, 2010.

The return receipt for service is attached hereto as Exhibit "A".

Undersigned counsel hereby certified that no response to said Request for Admissions was ever served.

Signed this _____day of January, 2015.

Respectfully submitted,

_____
Chad Cable
State Bar No. 03575300
323 Gilmer Street
Sulphur Springs, Texas 75482
Telephone (903) 885-1500
Telecopier (903) 885-7501

ATTORNEY FOR CONTESTANTS

*CERTIFICATE OF DEEMED ADMISSIONS*

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was hand delivered to opposing counsel in accordance with the Texas Rules of Civil Procedure, on this ____12____ day of January, 2015.

_____
Chad Cable

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

## NO. P08 – 13,106

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | OF |
| | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## CONTESTANTS' FIRST REQUEST FOR ADMISSIONS

**TO:** Carlton Sewell, 107 Morris Drive, Sulphur Springs, Texas 75482.

COMES NOW, Contestants of the will sponsored by Carlton Sewell, in the above styled and numbered cause, and pursuant to Rule 198 of the Texas Rules of Civil Procedure, makes the following Requests for Admissions of Fact.

These requests are being served upon, Carlton Sewell, and you are notified that Contestants demand that within 30 days after the service of these requests, that Carlton Sewell specifically admit or deny the facts requested. A failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request.

Respectfully submitted,

Chad Cable
State Bar No. 03575300
323 Gilmer
Sulphur Springs, Texas 75482
Telephone (903) 885-1500
Telecopier (903) 885-7501
COUNSEL FOR CONTESTANTS

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS*

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

1

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument has been served on Carlton Sewell in accordance with the Texas Rules of Civil Procedure, on this _____ day of May, 2010.

_____ Certified mail/Return receipt requested
_____ Telecopier (fax)
_____ Federal Express
_____ Courier with Receipt
_____ Registered mail/Return receipt requested
_____ Regular Mail
_____ Personal Hand Delivery

Date:   May 12, 2010.

_____
CHAD CABLE

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

# REQUEST FOR ADMISSIONS

1     ADMIT or DENY
That you exercised undue influence over Velma Ruth Fitzgerald to induce her to change her will.

**RESPONSE:**

2.     ADMIT or DENY
That throughout the spring and summer of 2007, Velma Ruth Fitzgerald was physically and mentally weak enough to be susceptible to undue influence.

**RESPONSE:**

3.     ADMIT or DENY
That you influenced Velma Ruth Fitzgerald to the point of subverting and overpowering her mind so that she would execute a new will naming you as sole beneficiary which she would not have done but for your influence.

**RESPONSE:**

4.     ADMIT or DENY
That you engaged in a campaign to keep other relatives of Velma Ruth Fitzgerald from having contact with her as part of your scheme to exert undue influence over her.

**RESPONSE:**

5.     ADMIT or DENY
That one of your techniques for exerting undue influence was to feign romantic love for Velma Ruth Fitzgerald in a seducing manner by physical affection and full on the mouth kissing.

**RESPONSE:**

6.     ADMIT or DENY
That you suggested to your brother Truitt Sewell, that the two of you get Velma Ruth Fitzgerald to change her will to benefit the two of you.

**RESPONSE:**

7.     ADMIT or DENY
That you told the White brothers in Vernon that Velma Ruth Fitzgerald was not competent when she signed their lease contract.

**RESPONSE:**

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS*



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

8. **ADMIT or DENY**
That you converted funds belonging to Velma Ruth Fitzgerald to your own benefit prior to her death.

**RESPONSE:**

9. **ADMIT or DENY**
That you breeched your fiduciary duty to Velma Ruth Fitzgerald by profiting from the use of her power of attorney prior to her death.

**RESPONSE:**

10. **ADMIT or DENY**
That you misrepresented the nature of Velma Ruth Fitzgerald's mental independence to Ray Johnson and his staff.

**RESPONSE:**

11. **ADMIT or DENY**
That you had no contact with Velma Ruth Fitzgerald for years prior to accompanying Truitt and Laura Sewell to Dallas to visit her in a nursing home.

**RESPONSE:**

12. **ADMIT or DENY**
That you prevented Velma Ruth Fitzgerald from having telephone contact with her lifelong friend, Eurice Lee White.

**RESPONSE:**

13. **ADMIT or DENY**
That you habitually subjected Velma Ruth Fitzgerald to your control during the last year of her life.

**RESPONSE:**

14. **ADMIT or DENY**
That Velma Ruth Fitzgerald was mentally and physically incapable of resisting your undue influence by August of 2007.

**RESPONSE:**

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS*


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

4

15. ADMIT or DENY
    That the August 8, 2007 will of Velma Ruth Fitzgerald is invalid and should be set aside.

    **RESPONSE:**

16. ADMIT or DENY
    That you are liable for damages and attorney fees to the contestants.

    **RESPONSE:**

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS*


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

# CHAD CABLE
## LAWYER

323 GILMER
SULPHUR SPRINGS, TEXAS 75482

TELEPHONE: (903) 885-1500

TELECOPIER: (903) 885-7501

May 13, 2010

*Via Certified Mail 7005 1820 0007 7656 6578*
*Return Receipt Requested & Regular Mail*

Mr. Carlton Sewell
107 Morris Drive
Sulphur Springs, Texas 75482

RE:　Cause No. P08-13106
　　Estate of Velma Ruth Fitzgerald, Deceased
　　Hopkins County, Texas

Dear Mr. Sewell:

Enclosed are the following:

1.　Motion for Appointment of Independent Executor; and

2.　Order Setting Hearing.

Sincerely,

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☑ Addressee <br> B. Received by ( Printed Name ) _Carlton Sewell_ C. Date of Delivery _5/17/10_ |
| 1. Article Addressed to: <br><br> Mr. Carlton Sewell <br> 107 Morris Drive <br> Sulphur Springs, Texas 75482 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No |
| | 3. Service Type <br> ☑ Certified Mail ☐ Express Mail <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number <br> *(Transfer from service label)* | 7005 1820 0007 7656 6578 |
| PS Form 3811, February 2004 | Domestic Return Receipt 102595-02-M-1540 |

COUNTY CLERK'S OFFICE

# CHAD CABLE
## LAWYER

323 GILMER
SULPHUR SPRINGS, TEXAS 75482

TELEPHONE: (903) 885-1500

TELECOPIER: (903) 885-7501

May 13, 2010

*Via Certified Mail 7005 1820 0007 7656 6578*
*Return Receipt Requested & Regular Mail*

Mr. Carlton Sewell
107 Morris Drive
Sulphur Springs, Texas 75482

RE:     Cause No. P08-13106
        Estate of Velma Ruth Fitzgerald, Deceased
        Hopkins County, Texas

Dear Mr. Sewell:

Enclosed is the following:

1.     Request for Admissions

Sincerely,

Chad Cable

CC/lar
Enclosures


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
|---|---|---|
| VELMA RUTH FITZGERALD, | § | AT LAW OF |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## MOTION TO WITHDRAW DEEMED ADMISSIONS

COMES NOW, Carlton Sewell, and moves the Court for an order permitting withdrawal of admissions deemed admitted as a result of certain requests for admissions and for permission to file a response to those requests. In support of this motion, Movant shows the following:

### I.

### FACTS

1. This case was commenced on January 2, 2008 by Movant's filing an "Application to Probate Will (of Velma Ruth Fitzgerald, dated August 8, 2007) as a Muniment of Title".

2. Said Application was heard by the Judge of the County Court of Hopkins County, Texas on January 15, 2008 which resulted in said Will being admitted to probate as a muniment of title.

3. On January 30, 2008, Janet Neal Stanley filed a competing Application to probate a Will executed on April 26, 1993 by Velma Ruth Fitzgerald.

4. Both sides filed respective oppositions to the probate applications filed.

5. On February 14, 2008, the "Will contest" was transferred to the Hopkins County Court at Law by order of the County Judge of Hopkins County.

6. Representing Carlton Sewell in the "Will contest" was the Honorable Eddie Northcutt and representing Janet Stanley et al was the Honorable Chad Cable. Mr. Northcutt filed an opposition to Janet Stanley's opposition to probate on February 14, 2008.

7. As part of the discovery performed in the case, the oral deposition of Carlton Sewell was taken by Chad Cable on May 13, 2008. Eddie Northcutt was present during the deposition. Regarding discovery in the case, there was no Discovery Control Plan entered by the Court. That being the case, the applicable Discovery Control Plan for this probate matter is TRCP 190.3, where

MOTION TO WITHDRAW DEEMED ADMISSIONS

TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

discovery is mandated to be completed no later than nine months after the earlier of the date of the first oral deposition or the due date of the first response to written discovery. The deposition of Mr. Sewell on May 13, 2008, was the commencement of the discovery period.

8. On January 23, 2009, the Court signed an order allowing Eddie Northcutt's withdrawal from the representation of Carlton Sewell.

9. On June 17, 2010, Carlton Sewell retained the services of the Honorable Frank Bauer to represent him in the "Will contest".

10. In the interim between the withdrawal of Eddie Northcutt and the engagement of Frank Bauer's services, it appears that on May 13, 2010, Chad Cable served Requests for Admissions on Mr. Sewell, who, at the time, was acting pro se. A true copy of the Requests for Admissions are attached hereto as Exhibit "A".

11. Carlton Sewell did not respond to said Requests for Admissions.

12. The parties thereafter continued to engage in various forms of discovery, i.e., Requests for Disclosure, Interrogatories, Requests for Production, and additional depositions.

13. On April 22, 2013, Frank Bauer filed a motion to withdraw from the representation of Carlton Sewell. An order allowing Mr. Bauer's withdrawal was signed by this Court on April 23, 2013.

14. In July, 2013, Carlton Sewell retained the services of J. Brad McCampbell, attorney, to represent Mr. Sewell in the matter. Mr. McCampbell's representation continues to date.

15. Since being engaged by Mr. Sewell, Mr. McCampbell began preparation to try this case in front of a jury. This case was set on various jury dockets only to be continued each time.

16. On January 12, 2015, the case was finally set to commence with jury selection at 1:00 p.m. At 9:20 a.m. on January 12, Chad Cable filed a document titled "Certificate of Deemed Admissions" notifying the Court of the failure of Carlton Sewell to respond to the Requests for Admissions submitted by Mr. Cable over 4½ years before.

**MOTION TO WITHDRAW DEEMED ADMISSIONS** TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

17.     Neither Frank Bauer nor J. Brad McCampbell knew of these existence of these request for admissions until the filing of the Certificate of Deemed Admissions by Mr. Cable literally hours before jury selection. Based on that filing, this Court excused the jury panel prior to commencement of trial and has allowed Mr. McCampbell time to file this Motion for Withdrawal of Deemed Admissions.

## II.

## ARGUMENT

Rule 198.3 of Tex. R. Civ. P. states in part:

> . . . *A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission. The court may permit the party to withdraw or amend the admission if:*
>
> *(a)     the party shows good cause for the withdrawal or amendment; and*
>
> *(b)     the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission.*

See Tex. R. Civ. P. 198.3; see also *Wal-mart Stores, Inc. v. Deggs,* 968 S.W.2d 354, 356 (Tex. 1998).

Subsections (a) and (b) of 198.3 provide the requirements for one seeking withdrawal of deemed admissions. Breaking those requirements down, one seeking withdrawal must show: (1) good cause for the withdrawal; (2) that such withdrawal will not unduly prejudice the party relying on the deemed admissions; and (3) that the merits of the case will be benefitted or promoted by permitting the withdrawal.

In support of Movant's request for withdrawal, Movant shows:

1.     At the time of delivery of the requests for admissions, Mr. Sewell was not represented by counsel. Representing himself pro se, Mr. Sewell did not have an understanding of the consequences of not responding to the requests. Interestingly, during Eddie Northcutt's approximate one (1) year

**MOTION TO WITHDRAW DEEMED ADMISSIONS** Page 3 of 9

TRUE AND CORREC[T] COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

representation of Mr. Sewell no such requests for admissions were delivered. Instead, Mr. Cable chose to send the admission requests when Mr. Sewell was without counsel.

2. As discussed above, Mr. Sewell's deposition commenced the discovery period under TRCP 190.3(b)(1)(B)(ii), which ended nine months later in February of 2009. The requests for admissions dated May 13, 2010 were without a date untimely, and those requests and their deemed responses have no force and effect in this case, barring either (1) an agreement between Mr. Cable and Mr. Northcutt or Mr. Sewell to the contrary, or (2) either side moving for an extension of the discovery period and being granted an extension. Neither of these scenarios occurred.

3. At the time of delivering the requests for admissions, Mr. Cable did not file a Certificate of Written Discovery with the Court (which is customarily done by attorneys) or file any other type of notice to the Court that these requests were being sent. This is important because Mr. McCampbell's thorough review of the Court's file at the time he was hired revealed an absence of any hint that request for admissions were delivered to Mr. Sewell. That being the case, together with the fact that Mr. Sewell did not understand the significance of the requests and the consequences of responding to them, neither Mr. Bauer nor Mr. McCampbell had knowledge of the requests for admissions. Had Mr. Sewell been represented by counsel at that time, the requests would have been delivered to his lawyer and they would have been answered timely. Neither Mr. Bauer nor Mr. McCampbell would have failed to answer them in a timely fashion, barring sickness or accident. Also, had either attorney been made subsequently aware of these deemed admissions by opposing counsel, either one of two things would have happened: (1) Responses to the requests for admissions would have been immediately prepared and submitted; or (2) a motion to withdraw deemed admissions would have been filed shortly after being made aware of them.

4. Mr. Cable, in taking the oral deposition of Mr. Sewell in May of 2008, approximately 2 years before the date of the requests for admissions, was made aware of Mr. Sewell's position in the case at that time. See *Wal-mart Stores, Inc. v. Deggs,* 968 S.W.2d at 356, (Deggs, the party relying on the deemed admissions had deposed Smith, the party that failed to respond to admission requests.

TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

The Court found that because Deggs was not dependent on the deemed admissions for developing her theory of the case, she would not be unduly prejudiced if the deemed admissions were withdrawn.) Sewell's position was in direction contradiction to the deemed admissions. The tenor of the requests for admissions was to seek admissions from Mr. Sewell that he unduly influenced Ms. Fitzgerald in her execution of the 2007 will and/or that Ms. Fitzgerald lacked testamentary capacity to execute the 2007 will. At the time of his deposition, Mr. Sewell's testimony and Mr. Sewell's pleadings on file clearly put Mr. Cable's clients on notice that the requests for admissions were not uncontroverted matters, and that they could not reasonably rely on the admissions in lieu of other discovery. Of note, Mr. Sewell's "Opposition to Application for Probate of Will and for Letters Testamentary and Answer to Opposition to Probate Will", filed by Eddie Northcutt on February 14, 2008, over two years before the requests for admissions, denies Mr. Cable's clients' allegations that Decedent lacked testamentary capacity and that Mr. Sewell exerted undue influence over Decedent.

5.      It is interesting that after the deadline for Mr. Sewell's response to the requests for admissions, Mr. Cable did not file a motion for summary judgment based on the deemed admissions which, if allowed to stand, essentially "gut" Mr. Sewell's case. In fairness, our rules do not mandate that a motion for summary judgment be filed in this instance. However, Mr. Cable, on behalf of his clients, engaged in more discovery and allowed Mr. Sewell's subsequent counsel to engage in more discovery and preparation for the jury trial in this case. In effect, Mr. Cable's chosen course allowed Mr. Sewell to hire not one but two more attorneys, spending thousands of dollars in preparation for trial only to be presented with "deemed" admissions on the morning of trial over 4½ years after the fact.

6.      Movant's counsel respectfully submits that Mr. Cable's holding these deemed admissions "close to the vest" only to spring them on opposing counsel on the day of trial is inequitable and constitutes "trial by ambush". Movant is not asking the Court to condone his failure to respond, but asks the Court consider in fairness allowing withdrawal of the admissions and letting this case

TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

proceed to trial on the merits. Based on the above, Movant believes he has presented a showing of "Good Cause". "Good cause" is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996). Since Mr. Sewell's position is and always has been so contrary to the deemed admissions, it is clear that the failure to respond to them was not intentional or the result of conscious indifference on his part. It is the position of Mr. Sewell that while the signature on the green card to the certified mailing of the Requests for Admissions appear to be his, he does not have recollection of the document nor has he been able to locate said document.

7.     Furthermore, allowing withdrawal of the deemed admissions will not unduly prejudice Mr. Cable's clients for the following reasons:

    a.    Regardless of the discovery deadline, Mr. Cable has conducted discovery, i.e., depositions, requests for disclosure, interrogatories, and requests for production, on behalf of his clients;

    b.    If it is Mr. Cable's position that he would have conducted additional discovery but for the deemed admissions and based on any agreed or extended discovery deadline, he has had over 4½ years to conduct same. See*Employer's Ins. of Wausau v. Halton*. 792 S.W.2d 462, 467 (Tex. App. - Dallas, writ denied) (finding lack of prejudice when the opposing party had almost a month to conduct additional discovery);

    c.    This case has been pending with both sides either requesting or agreeing to the several continuances thus far in this case;

    d.    Again, Mr. Cable did not seek to end the case by the usual method, motion for summary judgment, based on the deemed admissions. The term "prejudice" does not include the fact that, if the admissions were withdrawn, the party who obtained that admission would then have to convince the factfinder of its truth. See *F.D.I.C. v. Prusia*, 18 F. 3d 637, 640 (8th Cir. 1994).

8.     Additionally, withdrawal of the admissions would promote the presentation of the merits of the action. See Tex. R. Civ. P. 198.3(b).

The purpose of requests for admissions is predominantly to assist the trier of fact and to reduce trial time by facilitating proof with respect to issues that cannot be eliminated from the case and by narrowing the issues by eliminating those that can be. The discovery rules were not designed as traps for the unwary, nor should we construe them as preventing a litigant from presenting the truth. *Stelly v. Papania*, 927 S.W.2d at 622. Likewise, they surely were not designed to trap a

TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

layman, totally ignorant of the discovery rules, and, in particular, the deadly import of the TRCP 198. The purpose of the Rules of Civil Procedure is to obtain a just, fair, equitable and impartial adjudication of the litigant's rights under established principles of substantive law. *Stelly* at 927 S.W.2d at 622. In *Stelly,* the Supreme Court stated:

> *The primary purpose of [Rule 198] is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. It was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.*

In *Trans-American Nat. Gas Corp v. Powell,* 811 S.W.2d 913, 918 (Tex. 1991), the Supreme Court said that "Sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery and the rules."

9. Movant recognizes that trial courts have broad discretion to permit or deny withdrawal of deemed admissions, but that they cannot do so arbitrarily, unreasonably, or without reference to guiding principles. *Stelly,* 927 S.W.2d at 622; see also *Wheeler v. Green,* 157 S.W.3d 439, 443 (Tex. 2005). When a party uses deemed admissions to try to preclude presentation of the merits of a case, due process concerns arise. See *Trans-American National Gas Corp.,* 811 S.W.2d at 917-18; see also *U.S.C.A. Const. Amend. 14.*

In *Wheeler,* a custody modification case, of the 64 deemed admissions, none sought to discover information: 9 deemed circumstances changed so modification was proper; 25 deemed modification in the child's best interest; 27 deemed Sandra (the mother) liable for malicious prosecution; and 3 deemed her liable for child support, attorney's fees and exemplary damages. *Wheeler* 157 S.W.3d at 443. The Supreme Court reversed the Appellate Court holding that there was good cause for withdrawing the deemed admissions and that withdrawal would not cause undue prejudice to the father. *Id* at 444. The Court in *Wheeler,* while agreeing that pro se litigants were not exempt from the rules of procedure (see *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-185

COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

(Tex. 1978) ), stated that:

> *When a rule itself turns on an actor's state of mind (as these do here), application may require a different result when the actor is not a lawyer. Recognizing that Sandra did not know what any lawyer would does not create a separate rule, but recognizes the differences the rule itself contains.* " *Wheeler* at 444.

In the case at bar, the requests for admissions are couched in such a way as to preclude Mr. Sewell from disputing the allegations of undue influence exerted by him, the lack of testamentary capacity of Ms. Fitzgerald, his allegedly converting assets of Ms. Fitzgerald, and his alleged liability for damages and attorney's fees to contestants. Again, the effect of these deemed admissions amounts to a "gutting" of Movant's case. The issues covered by these deemed admissions are at the core of this litigation; and that for justice to be done, these issues should be determined by the preponderance of the evidence.

## III.

## CONCLUSION

Based on the above, Movant respectfully submits that he has met the requirements of Rule 198.3 by showing good cause for the withdrawal of the deemed admissions, that said withdrawal will not cause Contestants undue prejudice and will be subserved by (promote) presentation of the case on the merits.

## IV.

## PRAYER

WHEREFORE, Movant requests that the Court, after hearing this motion, order the withdrawal of the admissions as set out above, order that Movant's responses to the requests for admissions, attached hereto as Exhibit "B" and served with this Motion, be considered as Movant's responses to the requests for admissions, and afford Movant such other and further relief to which Movant may be justly entitled.

TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

Respectfully submitted,

CURTIS, ALEXANDER, McCAMPBELL
& MORRIS, P.C.
Number One Planters Street
P.O. Box 38
Emory, Texas 75440
Tel: (903) 473-2297
Fax: (903) 473-3069

By: _J. Brad McCampbell_____
     J. Brad McCampbell
     State Bar No. 13358000
ATTORNEYS FOR MOVANT

## Certificate of Service

I certify that on February 2 , 2015, a true and correct copy of this *Motion to Withdraw Deemed Admissions* was served by certified mail, return receipt requested on Mr. Chad Cable, Chad Cable Law Office, 323 Gilmer Street, Sulphur Springs, Texas 75482.

_J. Brad McCampbell_____
J. Brad McCampbell

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

# CHAD CABLE
## LAWYER

323 GILMER
SULPHUR SPRINGS, TEXAS 75482

TELEPHONE: (903) 885-1500

TELECOPIER: (903) 885-7501

May 13, 2010

*Via Certified Mail 7005 1820 0007 7656 6578*
*Return Receipt Requested & Regular Mail*

Mr. Carlton Sewell
107 Morris Drive
Sulphur Springs, Texas 75482

      RE:    Cause No. P08-13106
              Estate of Velma Ruth Fitzgerald, Deceased
              Hopkins County, Texas

Dear Mr. Sewell:

Enclosed is the following:

1.      Request for Admissions

              Sincerely,

              Chad Cable

CC/lar
Enclosures



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE



EXHIBIT "A"

## NO. P08 – 13,106

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | OF |
| | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## CONTESTANTS' FIRST REQUEST FOR ADMISSIONS

**TO:** Carlton Sewell, 107 Morris Drive, Sulphur Springs, Texas 75482.

COMES NOW, Contestants of the will sponsored by Carlton Sewell, in the above styled and numbered cause, and pursuant to Rule 198 of the Texas Rules of Civil Procedure, makes the following Requests for Admissions of Fact.

These requests are being served upon, Carlton Sewell, and you are notified that Contestants demand that within 30 days after the service of these requests, that Carlton Sewell specifically admit or deny the facts requested. A failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request.

Respectfully submitted,

Chad Cable
State Bar No. 03575300
323 Gilmer
Sulphur Springs, Texas 75482
Telephone (903) 885-1500
Telecopier (903) 885-7501
COUNSEL FOR CONTESTANTS



TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS*<sup>1</sup>

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument has been served on Carlton Sewell in accordance with the Texas Rules of Civil Procedure, on this _____ day of May, 2010.

_____ ✓ _____ Certified mail/Return receipt requested
_____ Telecopier (fax)
_____ Federal Express
_____ Courier with Receipt
_____ Registered mail/Return receipt requested
_____ Regular Mail
_____ Personal Hand Delivery

Date: May 18, 2010.

_____
CHAD CABLE

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS*

# REQUEST FOR ADMISSIONS

1      ADMIT or DENY
That you exercised undue influence over Velma Ruth Fitzgerald to induce her to change her will.

**RESPONSE:**

2.     ADMIT or DENY
That throughout the spring and summer of 2007, Velma Ruth Fitzgerald was physically and mentally weak enough to be susceptible to undue influence.

**RESPONSE:**

3.     ADMIT or DENY
That you influenced Velma Ruth Fitzgerald to the point of subverting and overpowering her mind so that she would execute a new will naming you as sole beneficiary which she would not have done but for your influence.

**RESPONSE:**

4.     ADMIT or DENY
That you engaged in a campaign to keep other relatives of Velma Ruth Fitzgerald from having contact with her as part of your scheme to exert undue influence over her.

**RESPONSE:**

5.     ADMIT or DENY
That one of your techniques for exerting undue influence was to feign romantic love for Velma Ruth Fitzgerald in a seducing manner by physical affection and full on the mouth kissing.

**RESPONSE:**

6.     ADMIT or DENY
That you suggested to your brother Truitt Sewell, that the two of you get Velma Ruth Fitzgerald to change her will to benefit the two of you.

**RESPONSE:**

7.     ADMIT or DENY
That you told the White brothers in Vernon that Velma Ruth Fitzgerald was not competent when she signed their lease contract.

**RESPONSE:**

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS*


TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

3

8. **ADMIT or DENY**
   That you converted funds belonging to Velma Ruth Fitzgerald to your own benefit prior to her death.

   **RESPONSE:**

9. **ADMIT or DENY**
   That you breeched your fiduciary duty to Velma Ruth Fitzgerald by profiting from the use of her power of attorney prior to her death.

   **RESPONSE:**

10. **ADMIT or DENY**
    That you misrepresented the nature of Velma Ruth Fitzgerald's mental independence to Ray Johnson and his staff.

    **RESPONSE:**

11. **ADMIT or DENY**
    That you had no contact with Velma Ruth Fitzgerald for years prior to accompanying Truitt and Laura Sewell to Dallas to visit her in a nursing home.

    **RESPONSE:**

12. **ADMIT or DENY**
    That you prevented Velma Ruth Fitzgerald from having telephone contact with her lifelong friend, Eurice Lee White.

    **RESPONSE:**

13. **ADMIT or DENY**
    That you habitually subjected Velma Ruth Fitzgerald to your control during the last year of her life.

    **RESPONSE:**

14. **ADMIT or DENY**
    That Velma Ruth Fitzgerald was mentally and physically incapable of resisting your undue influence by August of 2007.

    **RESPONSE:**



TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS*                                      4

15. ADMIT or DENY

That the August 8, 2007 will of Velma Ruth Fitzgerald is invalid and should be set aside.

**RESPONSE:**

16. ADMIT or DENY

That you are liable for damages and attorney fees to the contestants.

**RESPONSE:**

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

NO. P08-13106

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | AT LAW OF |
| | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## PROPONENT CARLTON SEWELL'S RESPONSES TO CONTESTANTS' FIRST REQUEST FOR ADMISSIONS

**TO:** Contestants, by and through their attorney of record, Mr. Chad Cable, 323 Gilmer Street, Sulphur Springs, Texas 75482.

NOW COMES, CARLTON SEWELL, Proponent, and makes this his Responses to

Contestants' First Request for Admissions pursuant to the *Texas Rules of Civil Procedure*.

Respectfully submitted,

CURTIS, ALEXANDER, McCAMPBELL
& MORRIS, P.C.
Number One Planters Street
P.O. Box 38
Emory, Texas 75440
Tel: (903) 473-2297
Fax: (903) 473-3069

By: /s/ J. Brad McCampbell
J. Brad McCampbell
State Bar No. 13358000
ATTORNEYS FOR PROPONENT

### Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on _____, 2015.

/s/ J. Brad McCampbell
J. Brad McCampbell

TRUE AND CORRECT
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

EXHIBIT "B"

# RESPONSE TO ADMISSIONS

1. ADMIT or DENY
That you exercised undue influence over Velma Ruth Fitzgerald to induce her to change her will.

**RESPONSE: DENY.**


2. ADMIT or DENY
That throughout the spring and summer of 2007, Velma Ruth Fitzgerald was physically and mentally weak enough to be susceptible to undue influence.

**RESPONSE:** Carlton Sewell objects to this request because it calls for admission or denial of a statement concerning another person's state of mind. Without waiving the foregoing objection, DENY.


3. ADMIT or DENY
That you influenced Velma Ruth Fitzgerald to the point of subverting and overpowering her mind so that she would execute a new will naming you as sole beneficiary which she would not have done but for your influence.

**RESPONSE:** Carlton Sewell objects to this request because it calls for admission or denial of a statement concerning another person's state of mind. Without waiving the foregoing objection, DENY.


4. ADMIT or DENY
That you engaged in a campaign to keep other relatives of Velma Ruth Fitzgerald from having contact with her as part of your scheme to exert undue influence over her.

**RESPONSE: DENY.**


5. ADMIT or DENY
That one of your techniques for exerting undue influence was to feign romantic love for Velma Ruth Fitzgerald in a seducing manner by physical affection and full on the mouth kissing.

**RESPONSE: DENY.**

FILED IN HOPKINS COUNTY CLERK'S OFFICE

6. ADMIT or DENY
That you suggested to your brother Truitt Sewell, that the two of you get Velma Ruth Fitzgerald to change her will to benefit the two of you.

**RESPONSE: DENY.**

7. ADMIT or DENY
That you told the White brothers in Vernon that Velma Ruth Fitzgerald was not competent when she signed their lease contract.

**RESPONSE: DENY.**

8. ADMIT or DENY
That you converted funds belonging to Velma Ruth Fitzgerald to your own benefit prior to her death.

**RESPONSE: DENY.**

9. ADMIT or DENY
That you breeched your fiduciary duty to Velma Ruth Fitzgerald by profiting from the use of her power of attorney prior to her death.

**RESPONSE:** Carlton Sewell objects to this request for the reason that it requests a response concerning a matter (breach of fiduciary duty) that is not a part of Contestants' pleadings. Without waiving the foregoing objection, DENY.

10. ADMIT or DENY
That you misrepresented the nature of Velma Ruth Fitzgerald's mental independence to Ray Johnson and his staff.

**RESPONSE: DENY.**

11. ADMIT or DENY
That you had no contact with Velma Ruth Fitzgerald for years prior to accompanying Truitt and Laura Sewell to Dallas to visit her in a nursing home.

**RESPONSE: ADMIT**

FILED IN HOPKINS
COUNTY CLERK'S OFFICE

12. ADMIT or DENY
That you prevented Velma Ruth Fitzgerald from having telephone contact with her lifelong friend, Eurice Lee White.

**RESPONSE: DENY.**

13. ADMIT or DENY
That you habitually subjected Velma Ruth Fitzgerald to your control during the last year of her life.

**RESPONSE: DENY.**

14. ADMIT or DENY
That Velma Ruth Fitzgerald was mentally and physically incapable of resisting your undue influence by August of 2007.

**RESPONSE:** Carlton Sewell objects to this request for the reason that this request assumes that Sewell unduly influenced Velma Ruth Fitzgerald which he has denied in Request #1 above. Sewell also objects to this request because it calls for admission or denial of a statement concerning another person's state of mind. Without waiving the foregoing objection, Sewell DENIES that he exerted undue influence over Ms. Fitzgerald and DENIES that she was mentally or physically incapable by August of 2007.

15. ADMIT or DENY
That the August 8, 2007 will of Velma Ruth Fitzgerald is invalid and should be set aside.

**RESPONSE:** Carlton Sewell objects to this request for the reason that this request seeks Sewell's admission or denial of a conclusion of law. Without waiving this objection, DENY.

16. ADMIT or DENY
That you are liable for damages and attorney fees to the contestants.

**RESPONSE:** Carlton Sewell objects to this request for the reason that this request seeks Sewell's admission or denial of a conclusion of law. Furthermore, that the statement is vague and unclear. Without waiving this objection, DENY.

FILED IN HOPKINS
COUNTY CLERK'S OFFICE

# CURTIS, ALEXANDER, McCAMPBELL & MORRIS, P.C.
## ATTORNEYS AT LAW

HAROLD F. CURTIS, JR. (1931-2006)
IVAN ALEXANDER, JR. (1932-2013)
J. BRAD McCAMPBELL
LEAH CURTIS MORRIS
GEORGE IVAN ALEXANDER
PHILIP D. ALEXANDER

NO. 1 PLANTERS STREET
P. O. BOX 38
EMORY, TEXAS 75440-0038
(903) 473-2297
(903) 473-3069 FAX

EMORY • GREENVILLE

February 2, 2015

County Clerk of Hopkins County
P.O. Box 391
Sulphur Springs, Texas 75483

RE:   *Cause No. P08-13106; In the Estate of Velma Ruth Fitzgerald, Deceased*
      **In the County Court at Law of Hopkins County, Texas**
      **Our File No.: 7049-13**

Dear Clerk:

Enclosed please find the original and one copy of a *Motion to Withdraw Deemed Admissions* for filing in the above-referenced case.

Please return the file-marked copy to our office in the enclosed self-addressed envelope.

By copy of this letter, I am forwarding a true and correct copy of this Motion to opposing counsel.

Thank you for your assistance in this matter.

Sincerely,

Susan Perez
Legal Assistant to J. Brad McCampbell
Enclosures

cc:   Mr. Chad Cable
      CHAD CABLE LAW OFFICE
      323 Gilmer Street
      Sulphur Springs, Texas 75482
      **By CMRRR# 7012 3050 0000 7906 5115**

      Honorable Amy Smith
      Hopkins County Court at Law
      119 Church Street
      Sulphur Springs, Texas 75482

## NO. PO8-13106

| | | |
|---|---|---|
| IN THE ESTATE OF | ) | IN THE COUNTY COURT |
| | ) | |
| VELMA RUTH FITZGERALD | ) | AT LAW OF |
| | ) | |
| DECEASED | ) | HOPKINS COUNTY, TEXAS |

## CONTESTANTS' RESPONSE TO CARLTON SEWELL'S MOTION TO WITHDRAW DEEMED ADMISSIONS

### TO YHE HONORABLE JUDGE OF SAID COURT:

COME NOW Truitt Sewell and Janet Neal Stanley, Contestants, filing this their Response to Carlton Sewell's Motion to Withdraw Deemed Admissions, and would respectfully show the Court as follows:

### I.

### EVIDENCE

For the purposes of this Response, Contestants rely on the following:

A.      Certificate of Deemed Admissions, from Request For Admissions served on Carlton Sewell on May 13, 2010 and not answered; attached to this response as Exhibit A, and incorporated by reference into this response as if fully set forth herein.

B.      The Affidavit of Chad Cable; attached to this response as Exhibit B, and incorporated by reference into this response as if fully set forth herein.

### II.

### FACTS

On May 13, 2010, Contestants sent Carlton Sewell a Request For Admissions by certified mail, return receipt requested. Aff. of Chad Cable, para 3. Carlton Sewell, despite signing the green card, never responded to the Request. Id. The Admissions were, therefore, deemed admitted on June 15, 2010, without the requirement of a court order. TRCP, Rule 198.2(c).

TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

1 | P a g e

Carlton Sewell continued to engage in other discovery, including pro se Interrogatories and Request For Production, both dated June 7, 2010. Aff. of Chad Cable, para. 4. Carlton Sewell, by and through his attorney, Frank Bauer, also took two depositions on August 16, 2011, deposing Truitt Sewell and Laura Sewell. Id. Contestants engaged in no other discovery except a Request For Disclosures dated October 8, 2012. Id.

On January 12, 2015, the day of trial and before jury selection, Contestants filed their Certificate of Deemed Admissions. Affidavit of Chad Cable, para. 7. At Carlton Sewell's request, the Court excused the jury panel and delayed the trial for purposes of permitting Carlton Sewell to prepare and file a motion to withdraw deemed admissions. Id.

## III.

### Movant Fails to Establish "Good Cause"

A person moving for withdrawal of deemed admissions bears the burden of establishing 1) good cause; and, 2) the absence of undue prejudice. *Hewitt v. Roberts*, 2013 WL 398940, *2 (Tex.App.-Corpus Christi 2013).

Good cause exists where the failure to respond to the request for admissions was the result of an accident or mistake and was not intentional or the result of conscious indifference. *Marino v. King* 355 S.W.3d 629, 633 (Tex.2011).

Movant's stark failure in this case is his failure to establish "good cause." Movant appears to rely exclusively on the fact that he was a *pro se* litigant as being, *ipso facto*, sufficient to establish "good cause." His status as a *pro se* litigant is not, *ipso facto*, sufficient to establish "good cause."

Two cases from the Fort Worth Court of Appeals make it plain that *"pro se"* status is not sufficient to establish "good cause."

In the case *Vann v. Gaines*, 2007 WL 865870, *2 (Tex.App.-Fort Worth 2007) the court noted that, unlike the appellant in *Wheeler*, the appellant in *Gaines* had not moved to withdraw the

TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

2 | P a g e

admissions, but went on to state that,

> In any event, while a lack of understanding of pre-trial procedure by a pro se litigant might be proof of good cause to withdraw deemed admissions, a conscious indifference is not. Here, appellant was given two separate requests for admissions by appellees... Appellant ignored both requests...Unlike the pro se litigant in *Wheeler*, appellant showed no good cause for not attempting to respond earlier.

Again, in *Jones v. Citibank (South Dakota), N.A.*, 235 S.W.3d 333 (Tex.App. – Fort Worth 2007), the Fort Worth Court of Appeals stated:

> In any event, while a lack of understanding of pre-trial procedure by a pro se litigant might be proof of good cause to withdraw deemed admissions, a conscious indifference is not. Here, unlike the pro se litigant in *Wheeler*, appellant complied with the discovery rules by responding timely to the first request for admissions, but she showed no good cause for failing to even attempt to respond on time to the second request for admissions. *Id.*

It is Movant's burden to establish accident or mistake. In the instant case, Movant fails to establish that his failure to respond was due to accident or mistake and was not the result of conscious indifference.

First of all, Movant was notified of the consequences of a failure to answer. On the face of the Contestants' First Request For Admissions it states, "A failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request." If Carlton Sewell read this admonition and then decided not to answer, such decision would amount to conscious indifference. Carlton Sewell can find no footing in the case of Wheeler v. Green, 157 S.W.3d 439, 443 (Tex.2005)(per curiam). In that case, a pro se litigant tried to comply with the rules relating to requests for admissions, but because she was unfamiliar with the mail box rule, she served her responses 2 days late. There was nothing in that case showing any conscious indifference. In *Wheeler*, the result would likely have been different if the mailbox rule had been stated on the face of the Admissions Request document.

On the other hand, if Carlton Sewell decided not to read the document, that would also amount

TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

to a conscious indifference. A decision not to read the document cannot be excused by the lack of legal knowledge. A person would know that the document was significant by the fact that it was sent certified mail, return receipt requested. Whether a *pro se* litigant or a seasoned attorney, a decision not to read a document is a decision to ignore it. A decision to ignore it is conscious indifference. See *Gaines*, 2007 WL 865870 at *2.

Therefore, Movant has failed to meet his burden of establishing "good cause," i.e., that the failure to answer was the result of accident or mistake and not the result of conscious indifference.

## IV.

### Movant Fails to Establish Absence of Undue Prejudice

The absence of undue prejudice is established by showing that a withdrawal of deemed admissions will not delay trial nor significantly hamper the opposing party's ability to prepare for trial. *Marino v. King* 355 S.W.3d 629, 633 (Tex.2011).

There is considerable discovery that Contestants did not conduct in reliance on the deemed admissions. If not for the deemed admissions, Contestants would have sought to depose 1) Tiffany Bassham, who was the administrator of the assisted living facility Carlton Sewell had Mrs. Fitzgerald sequestered in; 2) Alice Davis, who was one of the paid sitters; and, 3) DeeAnn Landers, the bank officer familiar with the unusual facts involving Carlton Sewell's use of the power of attorney, executed by Mrs. Fitzgerald in his favor, to purchase a rural home on several acres with an $80K down payment and a similar sized note with the local bank. See Affidavit of Chad Cable, para. 5. Contestants would also seek to obtain the bank records pertaining to that transaction.

Critical to Contestants' case is the anticipated testimony of Truitt Sewell, who is one of the Contestants and the brother of Carlton Sewell. His anticipated testimony is the most probative evidence in the entire case. He would testify that Carlton Sewell asked him to help Carlton get Fitzgerald to change her will to benefit the two of them. As a strategic matter, it is important to elicit

COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

this information by live testimony.

Truitt Sewell became sick with cancer in the Fall of 2014. Aff. of Chad Cable, para. 6. His health has deteriorated to the point that he probably will not have the capacity to testify at trial because of the delay of trial from January 12, 2015, to some undetermined point in the future. Id. Thus, Contestants' case is highly prejudiced by the delay of trial.

Additionally, the case of *Morgan v. Timmers Chevrolet, Inc.,* 1 S.W.3d 803, n. 5 (Tex.App.-Houston [1st Dist] 1999) is instructive. There, trial was commenced more than 2 years after the requests for admissions were deemed admitted. After trial began, and after 3 witnesses had testified and 10 exhibits had been admitted, plaintiffs sought to introduce the deemed omissions, which caught the defendant unaware, because the deemed admissions were the result of a clerical error by the staff of defendant's attorney, who was ignorant of the mistake until the day of trial. The trial court granted the defendant leave to withdraw the deemed admissions but offered plaintiffs a mistrial in order for plaintiffs to conduct the discovery plaintiffs had not conducted in reliance on the deemed admissions. The plaintiffs refused the mistrial. From an unfavorable result, plaintiffs appealed. The 1st District Court of Appeals reversed, holding that the plaintiffs were unduly prejudiced because there was considerable discovery that plaintiffs did not conduct in reliance on the deemed admissions. The court of appeals also noted that the plaintiffs "were not required to accept a mistrial – plaintiffs were entitled to rely on the guiding rules and principles set out in the Rules of Civil Procedure regarding deemed admissions." The court of appeals did not blame the plaintiffs, in the least, for waiting over two years, and not until the middle of trial, before asserting the deemed admissions.

Like the plaintiffs in *Morgan*, the Contestants here have substantial discovery which they did not seek to conduct in reliance on the deemed admissions. Aff. of Chad Cable, para. 5. Contestants here, upon filing their Certificate of Deemed Admissions, "were entitled to rely on the guiding rules and principles set out in the Rules of Civil Procedure regarding deemed admissions." In *Morgan*, the

FILED IN HOPKINS COUNTY CLERK'S OFFICE

court permitted withdrawal of deemed admissions during the middle of trial. In the instant case, the Court delayed the trial of the case for the purpose of entertaining a motion for withdrawal of deemed admissions. Aff. of Chad, para. 7. Delay of trial is a quintessential form of undue prejudice. Twenty cases in Texas substantially state: "Undue prejudice depends on whether withdrawing an admission will *delay trial* or significantly hamper the opposing party's ability to prepare for it." Wheeler v. Green, 157 S.W.3d 439, 443 (Tex.2005)(per curiam)(emphasis added).

In their reliance on the guiding rules and principles set out in the Rules of Civil Procedure, Contestants have been prejudiced by the delay of trial. Therefore, Movant has failed to establish an absence of undue prejudice, and the Motion to Withdraw Deemed Admissions should be denied.

V.

**Movant Waived the Right to Complain of the Untimeliness
of Contestants' Admissions Request**

By engaging in substantial discovery after Contestants request for admissions, Movant has waived any right to complain of the untimeliness of Contestants' request for admissions. The Request for Admissions was served on May 13, 2010. Subsequent to that time, Movant, acting pro se, served on Contestants a set of Written Interrogatories and a Request For Production, both dated June 7, 2010. Aff. of Chad Cable, para. 4. Subsequently, Movant, by and through his attorney, Frank Bauer, also conducted two depositions: the Deposition of Truitt Sewell on August 16, 2011, and the Deposition of Laura Sewell on the same date. Id. Therefore, Movant has conducted substantial discovery since Contestants served on Movant the Request for Admissions and he has, therefore, waived any right to complain of the untimeliness of the Request for Admissions.

VI.

**PRAYER**

For the foregoing reasons, Contestants pray the Court to deny Carlton Sewell's Motion to



FILED IN HOPKINS
COUNTY CLERK'S OFFICE

Withdraw Deemed Admissions, and for such other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

_____
Chad Cable
State Bar No. 03575300
323 Gilmer
Sulphur Springs, TX 75482
Telephone (903) 885-1500
Telecopier (903) 885-7501

ATTORNEY FOR CONTESTANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served on all parties pursuant to the Texas Rules of Civil Procedure on this the _____ day of April, 2015.

_____
Chad Cable

*Via Telecopier (903) 473-3069*
Brad McCampbell
CURTIS, ALEXANDER, McCAMPBELL & MORRIS
P.O. Box 38
Emory, Texas 75440

FILED IN HOPKINS
COUNTY CLERK'S OFFICE



**NO. P08 – 13,106**

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## CERTIFICATE OF DEEMED ADMISSIONS

The Request for Admissions attached hereto as Exhibit "A" were served upon the opposing party, Carlton Sewell, via certified mail on May 13, 2010.

The return receipt for service is attached hereto as Exhibit "A".

Undersigned counsel hereby certified that no response to said Request for Admissions was ever served.

Signed this ___12___ day of January, 2015.

Respectfully submitted,

Chad Cable
State Bar No. 03575300
323 Gilmer Street
Sulphur Springs, Texas 75482
Telephone (903) 885-1500
Telecopier (903) 885-7501

ATTORNEY FOR CONTESTANTS



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was hand delivered to opposing counsel in accordance with the Texas Rules of Civil Procedure, on this _____ day of January, 2015.

_____
Chad Cable


TRUE AND CORRECT COPY OF ORIGINAL. FILED IN HOPKINS COUNTY CLERK'S OFFICE

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

# OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Pos | | |

7005 1820 0007 7656 6578

Sent To: Mr. Carlton Sewell

Street, Apt or PO Box: 107 Morris Drive

City, State: Sulphur Springs, Texas 75482

PS Form 3600, June 200...

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☑ Addressee<br>B. Received by (*Printed Name*)  C. Date of Delivery<br>Carlton Sewell  5/17/10 |
| 1. Article Addressed to:<br><br>Mr. Carlton Sewell<br>107 Morris Drive<br>Sulphur Springs, Texas 75482 | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7005 1820 0007 7656 6578 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



TRUE AND CORRECT COPY OF ORIGINAL FILED IN HOPKINS COUNTY CLERK'S OFFICE

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4 in this box

**Law Offices of Chad Cable**
**323 Gilmer**
**Sulphur Springs, TX  75482**

# CHAD CABLE
## LAWYER

323 GILMER
SULPHUR SPRINGS, TEXAS 75482

TELEPHONE: (903) 885-1500

TELECOPIER: (903) 885-7501

May 13, 2010

*Via Certified Mail 7005 1820 0007 7656 6578*
*Return Receipt Requested & Regular Mail*

Mr. Carlton Sewell
107 Morris Drive
Sulphur Springs, Texas 75482

> RE: Cause No. P08-13106
> Estate of Velma Ruth Fitzgerald, Deceased
> Hopkins County, Texas

Dear Mr. Sewell:

Enclosed are the following:

1. Motion for Appointment of Independent Executor; and

2. Order Setting Hearing.

Sincerely,

Chad Cable

CC/lar
Enclosures


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

# CHAD CABLE

## LAWYER

323 GILMER
SULPHUR SPRINGS, TEXAS 75482

TELEPHONE: (903) 885-1500

TELECOPIER: (903) 885-7501

May 13, 2010

*Via Certified Mail 7005 1820 0007 7656 6578*
*Return Receipt Requested & Regular Mail*

Mr. Carlton Sewell
107 Morris Drive
Sulphur Springs, Texas 75482

      RE:    Cause No. P08-13106
                    Estate of Velma Ruth Fitzgerald, Deceased
                    Hopkins County, Texas

Dear Mr. Sewell:

Enclosed is the following:

1.      Request for Admissions

                   Sincerely,

                   Chad Cable

CC/lar
Enclosures


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

<u>NO. P08 – 13,106</u>

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | OF |
| | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## CONTESTANTS' FIRST REQUEST FOR ADMISSIONS

**TO:** Carlton Sewell, 107 Morris Drive, Sulphur Springs, Texas 75482.

COMES NOW, Contestants of the will sponsored by Carlton Sewell, in the above styled and numbered cause, and pursuant to Rule 198 of the Texas Rules of Civil Procedure, makes the following Requests for Admissions of Fact.

These requests are being served upon, Carlton Sewell, and you are notified that Contestants demand that within 30 days after the service of these requests, that Carlton Sewell specifically admit or deny the facts requested. A failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request.

Respectfully submitted,

Chad Cable
State Bar No. 03575300
323 Gilmer
Sulphur Springs, Texas 75482
Telephone (903) 885-1500
Telecopier (903) 885-7501
COUNSEL FOR CONTESTANTS

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS*


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

1

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing instrument has been served on Carlton Sewell in accordance with the Texas Rules of Civil Procedure, on this _____ day of May, 2010.

_____✓_____ Certified mail/Return receipt requested
_____ Telecopier (fax)
_____ Federal Express
_____ Courier with Receipt
_____ Registered mail/Return receipt requested
_____ Regular Mail
_____ Personal Hand Delivery

Date: May 12, 2010.

CHAD CABLE

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS*                                        2

# REQUEST FOR ADMISSIONS

1. **ADMIT or DENY**

   That you exercised undue influence over Velma Ruth Fitzgerald to induce her to change her will.

   **RESPONSE:**

2. **ADMIT or DENY**

   That throughout the spring and summer of 2007, Velma Ruth Fitzgerald was physically and mentally weak enough to be susceptible to undue influence.

   **RESPONSE:**

3. **ADMIT or DENY**

   That you influenced Velma Ruth Fitzgerald to the point of subverting and overpowering her mind so that she would execute a new will naming you as sole beneficiary which she would not have done but for your influence.

   **RESPONSE:**

4. **ADMIT or DENY**

   That you engaged in a campaign to keep other relatives of Velma Ruth Fitzgerald from having contact with her as part of your scheme to exert undue influence over her.

   **RESPONSE:**

5. **ADMIT or DENY**

   That one of your techniques for exerting undue influence was to feign romantic love for Velma Ruth Fitzgerald in a seducing manner by physical affection and full on the mouth kissing.

   **RESPONSE:**

6. **ADMIT or DENY**

   That you suggested to your brother Truitt Sewell, that the two of you get Velma Ruth Fitzgerald to change her will to benefit the two of you.

   **RESPONSE:**

7. **ADMIT or DENY**

   That you told the White brothers in Vernon that Velma Ruth Fitzgerald was not competent when she signed their lease contract.

   **RESPONSE:**

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS*


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

8. ADMIT or DENY

That you converted funds belonging to Velma Ruth Fitzgerald to your own benefit prior to her death.

**RESPONSE:**

9. ADMIT or DENY

That you breeched your fiduciary duty to Velma Ruth Fitzgerald by profiting from the use of her power of attorney prior to her death.

**RESPONSE:**

10. ADMIT or DENY

That you misrepresented the nature of Velma Ruth Fitzgerald's mental independence to Ray Johnson and his staff.

**RESPONSE:**

11. ADMIT or DENY

That you had no contact with Velma Ruth Fitzgerald for years prior to accompanying Truitt and Laura Sewell to Dallas to visit her in a nursing home.

**RESPONSE:**

12. ADMIT or DENY

That you prevented Velma Ruth Fitzgerald from having telephone contact with her lifelong friend, Eurice Lee White.

**RESPONSE:**

13. ADMIT or DENY

That you habitually subjected Velma Ruth Fitzgerald to your control during the last year of her life.

**RESPONSE:**

14. ADMIT or DENY

That Velma Ruth Fitzgerald was mentally and physically incapable of resisting your undue influence by August of 2007.

**RESPONSE:**


COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS* 4

15.    ADMIT or DENY
       That the August 8, 2007 will of Velma Ruth Fitzgerald is invalid and should be set aside.

       **RESPONSE:**

16.    ADMIT or DENY
       That you are liable for damages and attorney fees to the contestants.

       **RESPONSE:**

*CONTESTANTS' FIRST REQUEST FOR ADMISSIONS*


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

5

## NO. PO8-13106

IN THE ESTATE OF               )       **IN THE COUNTY COURT**

                                      )

**VELMA RUTH FITZGERALD**     )       **AT LAW OF**

                                        )

**DECEASED**                      )       **HOPKINS COUNTY, TEXAS**

## AFFIDAVIT OF CHAD CABLE

STATE OF TEXAS       *

                            *

COUNTY OF HOPKINS     *

BEFORE ME, the undersigned authority, personally appeared Chad Cable, who, upon oath or solemn affirmation, deposed as follows:

1. My name is Chad Cable. I am over the age of eighteen and am, in all respects, competent to make this affidavit. The matters stated herein are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice law in the State of Texas. I have practiced law in Hopkins County for the past 35 years. I represent the Contestants in the above styled and numbered case,

3. Acting as attorney for the Contestants, I served on Carlton Sewell ("Carlton") Requests for Admissions dated May 13, 2010. Carlton failed to respond to such Request for Admissions. Therefore, according to Texas Rules of Civil Procedure, Rule 198.2(c), the matters are deemed admitted without the necessity of a court order.

4. Since serving the Requests for Admissions, Carlton has served on me a Set of Written Interrogatories (June 7, 2010); A Request For Production (June 7, 2010); and has conducted a Deposition of Truitt Sewell (August 16, 2011); and a Deposition of Laura Sewell (August 16, 2011. Since May 12, 2010, the only discovery conducted by me was a Request For Disclosures dated October 8, 2012.

5. In reliance on the deemed admissions, I did not seek to depose 1) Tiffany Bassham, head administrator of the assisted living center in which Velma Ruth Fitzgerald was sequestered by Carlton; 2) Alice Davis, the paid sitter of Velma Ruth Fitzgerald; and 3) Deeanna Landers, the bank officer involved in Carlton's purchase of a rural home on several acres for a down payment of $80,000.00, together with a like amount borrowed through the bank, which Carlton purchased under the power of attorney executed in his favor by Velma Ruth Fitzgerald.

6. Truitt Sewell was diagnosed with cancer in the Fall of 2014. His health has rapidly deteriorated since that time to the extent that Truitt Sewell is likely incapacitated to such an extent that he will not be able to testify at trial.


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

7. On January 12, 2015, the day of trial, I filed a Certificate of Deemed Admissions. At Carlton Sewell's request, the Court delayed the trial for the purpose of entertaining a motion to withdraw the deemed admissions.

8. FURTHER AFFIANT SAYETH NOT.

_____
CHAD CABLE

SWORN TO, or solemnly affirmed, before me, the undersigned authority, on this the ___ day of April, 2015.

_____
Notary Public, State of Texas

Linda Ann Rascoe
My Commission Expires
07/23/2016


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

## NO. P08-13106

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | AT LAW OF |
| | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

### AFFIDAVIT IN SUPPORT OF
### MOTION TO WITHDRAW DEEMED ADMISSIONS

BEFORE ME, the undersigned Notary Public, on this day personally appeared CARLTON SEWELL, who after being duly sworn, did depose and state as follows:

"My name is CARLTON SEWELL. I am the Movant/Proponent in the above-referenced cause. I have personal knowledge of the facts stated in the *Motion to Withdraw Deemed Admissions* and they are true and correct."

Further Affiant sayeth not.

SIGNED on April ____7____, 2015.

_____
CARLTON SEWELL

SUBSCRIBED AND SWORN TO BEFORE ME on this __7th__ day of April, 2015, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

SUSAN PEREZ
My Commission Expires
August 24, 2018



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

FILED FOR RECORD
HOPKINS COUNTY, TEXAS

2015 APR 14 P 2: 45

SHIRLEY
COUNTY CLERK

BY_____DEPUTY

## NO. P08 – 13,106

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| VELMA RUTH FITZGERALD, | § | |
| DECEASED | § | HOPKINS COUNTY, TEXAS |

## ORDER DENYING MOTION TO WITHDRAW DEEMED ADMISSIONS, SHEDULING SUMMARY JUDGMENT HEARING AND REQUIRING MEDIATION

The Court considered Probate Applicant Carlton Sewell's Motion to Withdraw deemed Admissions and Contestant's response with argument of respective counsel on April 7th, 2015.

The Motion to Withdraw Deeded Admissions is hereby denied.

Noting the Contestants have filed a Motion for Summary Judgment, a hearing on that motion is hereby scheduled for May 21st, 2015 at 9:00 a.m.

Finally, the parties are Ordered to mediation, to be completed prior to May 21st, 2015 with a mediator to be agreed upon by the parties.

Absent an agreement within five days the Court will name a mediator.

The cost of the mediator shall be evenly divided between the parties.

Signed this ____14____ day of April, 2015.

_____
Judge

*ORDER DENYING MOTION TO WITHDRAW DEEMED ADMISSIONS, SHEDULING SUMMARY JUDGMENT HEARING AND REQUIRING MEDIATION*

COPY OF ORIGINAL
FILED IN HOPKINS
COUNTY CLERK'S OFFICE

# CLERK'S CERTIFICATE

## THE STATE OF TEXAS

## COUNTY OF HOPKINS

I, Debbie Shirley, Clerk of the County Court at Law in and for Hopkins County, Texas, do hereby certify that the following are a true and correct copy of the original papers in the Probate of Velma Ruth Fitzgerald Decd. Cause Number P10-13106 As the same, appear on record in the Probate Records of Hopkins County, Texas.

Application To Probate Will As Muniment of Title
Last Will and Testament
Citation in Probate
Order Probating Will As Muniment of Title
Application For Probate of Will And For Letters Testamentary
Opposition To Probate of Will
Citation in Probate
Order of Transfer
Opposition To Application For Probate of Will & For Letters Testamentary &
　　　Answer To Opposition of Will
Amended Application For Probate of Will & For Letters Testamentary
Motion For Withdrawal of Counsel
Consent To Withdrawal of Counsel
Order Granting Motion For Withdrawal of Counsel
Motion For Appointment of Independent Executor
Order On Motion To Transfer Contested Probate Matter
Order Appointing Personal Representative (Temporary) Pending Contest
Notice of Appearance & Request For Notices & Service of Papers
Letter From Frank Bauer
Affidavit
Letter From Frank Bauer & Certificate of Written Discovery
Supplement To Oppostion For Probate of Will & For Letters Testamentary &
　　　Answer To Opposition To Probate of Will
Motion For Withdrawal of Counsel

Order On Motion For Withdrawal of Counsel

Appearance of Counsel

Certificate of Deemed Admissions

Motion To Withdraw Deemed Admissions

Contestants' Response To Carlton Sewell's Motion To Withdraw Deemed
Admissions

Affidavit In Support of Motion To Withdraw Deemed Admissions

Order Denying Motion To Withdraw Deemed Admissions, Scheduling Summary
Judgment Hearing & Requiring Mediation

Given under my Hand and Seal of Office at Sulphur Springs, Texas, this

29th day of May, 2015

Debbie Shirley, County Clerk
Hopkins County, Texas

By Heather Clark , Deputy
Heather Clark

**VOLUME 2**

No. _____

*In Re* **CARLTON SEWELL, Relator**

ELECTRONIC TRANSCRIPT OF
REPORTER'S RECORD OF HEARING
(REPORTER'S VOLUME 1 OF 1)

TRIAL COURT CAUSE NO. P08-13106

| | | |
|---|---|---|
| IN THE ESTATE OF | * | IN THE COUNTY COURT |
| | * | |
| VELMA RUTH FITZGERALD | * | AT LAW OF |
| | * | |
| DECEASED | * | HOPKINS COUNTY, TEXAS |

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. P08-13106

| | | |
|---|---|---|
| IN THE ESTATE OF | ) | IN THE COUNTY COURT |
| | ) | |
| VELMA RUTH FITZGERALD, | ) | AT LAW |
| | ) | |
| DECEASED | ) | HOPKINS COUNTY, TEXAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
TRANSCRIPTION OF
ELECTRONIC RECORDING
HEARING ON MOTION TO
WITHDRAW DEEMED ADMISSIONS
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On the 7th day of April, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Amy M. Smith, Judge Presiding, held in Sulphur Springs, Hopkins County, Texas:

PROCEEDINGS RECORDED ELECTRONICALLY BY BIS

A P P E A R A N C E S

FOR THE PROPONENT, CARLTON SEWELL:
        Mr. J. Brad McCampbell
        Curtis, Alexander, McCampbell & Morris
        Post Office Box 38
        Emory, Texas   75440
        903-473-2297
        SBOT #13358000


FOR THE CONTESTANTS:
        Mr. Chad Cable
        Law Office of Chad Cable
        323 Gilmer Street
        Sulphur Springs, Texas   75482
        903-885-1500
        SBOT #03575300

VOLUME 1
HEARING ON MOTION TO WITHDRAW DEEMED ADMISSIONS

APRIL 7, 2015                                    PAGE/VOL.

Proceedings ............................... 4  1

Argument by Mr. McCampbell ................. 4  1

Argument by Mr. Cable ..................... 22  1

Argument by Mr. McCampbell ............... 36  1

Court's Ruling ........................... 38  1

Reporter's Certificate ................... 40  1

P R O C E E D I N G S

THE COURT:  All right.  We're on the record, ladies and gentlemen.  This is In the Interest of Velma Ruth Fitzgerald.  Please be seated.  And this is a -- a motion brought by Mr. Carlton Sewell -- is that correct -- with his attorney Brad McCampbell?

MR. McCAMPBELL:  Yes, Judge.

THE COURT:  I'm trying to -- here it is.  Motion to withdraw deemed admissions.  So we have Mr. McCampbell and we have Chad Cable, who is on the opposing side, and Mr. Cable has responded.

I have looked over this carefully, and I'm ready to hear your arguments at this time.

MR. McCAMPBELL:  Okay.  May it please the Court.  Judge, I'd like to kind of start off -- I know you have the motion there, and I'm not going to read it.  But I want to start off basically where on February 14 of 2008, the probate concerning Velma Ruth Fitzgerald was transferred to your court.

It was a probate as a muniment of title and then a subsequent contesting application, so on that basis, it was transferred at that time.  At that time, Mr. Sewell was represented by

Mr. Northcutt -- Eddie Northcutt -- and Mr. Cable was representing Janet -- Janet Stanley?

MR. CABLE: Et al.

MR. McCAMPBELL: -- and others on a competing application.

Now, where I want to pick up next is basically May of 2008. Mr. Sewell's deposition was taken by Mr. Cable. And I believe Mr. Northcutt was there present at the time of the deposition. That being the case, that that started the commencement of the discovery period. There wasn't any discovery control plan order, per se, so, therefore, you've got to kind of fall back on what the Rules say about when it starts and ends.

In January 2009, this Court allowed Mr. Northcutt to withdraw. And I don't know if it was because he -- I don't know if it was because he went on the bench at that time or some other reason, but anyway, he withdrew. And there was an interim there from January '09 to June of '10 in which Mr. Sewell was pro se.

June 17 of 2010, is when Mr. Bauer -- Frank Bauer -- entered the picture as counsel of record for Mr. Sewell. The reason why I'm talking about those two attorneys and their

respective times of service is because between that time, in May of 2010, Mr. Cable, on behalf of his clients, served request for admissions on Mr. Sewell.

And what I say in my motion is that Mr. Sewell believes that the signature on the green card to be his. He does not recall the document, but he can't deny that signature on the green card. Now, time goes by without them being answered, and other than the proposed admissions that I have attached to my motion to withdraw deemed admissions, there never has been an answer in response to them.

In April of 2013, Frank Bauer withdrew. The Court signed an order on April 23, 2013. I was retained in July of 2013. This all came to a head regarding the request for admissions when Mr. Cable, on behalf of his clients, filed, the morning of jury selection, on January 12 of 2015, a certificate of deemed admissions.

And in my motion, I basically indicate to the Court that that was the first time that I was even aware that admissions had been sent. And in my motion, I've also indicated the same of Mr. Bauer. I obtained the file from Mr. Bauer when I got hired. Actually, I got his file, and there was

not one mention of the request for admissions in Mr. Bauer's file.  And I would say to the Court that at no time did Mr. Sewell tell myself or Mr. Bauer about any request for admissions.

I think the Court knows myself and Mr. Bauer well enough to know that if at some point in time we had found out about request for admissions we would have either, one of two things, filed a motion to withdraw deemed admissions at that time or gone ahead and responded to them and see where the chips fall.

I hope the Court understands how sincere I am to say what a surprise it was for me to see the certificate of deemed admissions that morning.  As the Court knows, the Court sent the jury home -- jury panel home and allowed me time to present this motion to withdraw deemed admissions, and I want to thank the Court, first of all, for graciously continuing for a couple of settings due to the illness and subsequent passing of my father.  I appreciate that.

The purpose of our motion is to try to convince the Court that there is due cause to order that the deemed admissions be withdrawn and that it would not serve -- that would not serve undue

prejudice to the other side. And basically what we're doing, Judge, is we're looking at Section 198.3 of the Texas Rules of Civil Procedure which directly addresses either withdrawing -- allowing the withdrawal or amendment of admissions.

So it's not just a good cause or undue prejudice. It's both. Got to show both. And it ends by saying, and that the presentation of the merits of the action will be subserved by permitting the party to amend/withdraw the admissions.

As far as the -- the element of good cause, I start off by giving the elements in Rule 198.3, and then I go into a little more detail by again saying that at the time that the request for admissions were submitted, Mr. Sewell was representing himself pro se.

Now, in no way am I trying to condone his failure to answer the admissions. I want the Court to be clear on that. But what I do want to point out is that Mr. Sewell, No. 1, does not even remember that document. But even if he did, that he, not being an attorney, did not understand the significance or the legal consequences of not answering the admissions.

And the reason why that's

important is because the way that Mr. Cable and his clients couched the admissions, basically are admissions to the case and not just a -- not just being sent as a discovery tool. And that's important because, in effect, what the tenor of the admissions do is they -- and I think I say this term -- they gut Mr. Sewell's case.

It -- it -- it basically is admitting Mr. Sewell's admission that there was undue influence exerted over (sic) him on Ms. Fitzgerald and that Ms. Fitzgerald did not have the testamentary capacity to sign her 2007 will. And so if we had a trial on the case and we would not be able to bring in something in contradiction to that, then we're done.

Mr. Cable did choose to send these admissions at a time when Mr. Sewell did not have counsel. And again, that -- that -- that kind of added or compounded to the problem that I face today. Again, the discovery period started May 13, 2010, with the taking of Mr. Sewell's deposition. And so if the Court were to look at the discovery period ending in nine months, then the request for admissions would be untimely under the Rules.

I'm not going to deny that both

parties did engage in discovery well after that. They did. But if you look at just the issue if request for admissions were timely --

THE COURT: So you're saying the discovery was -- well, was sort of used on both sides after the -- the end date of the discovery?

MR. McCAMPBELL: Yes, ma'am. But if you go by the nine-month rule, then discovery would have --

THE COURT: Ended.

MR. McCAMPBELL: -- procedurally ended in February of -- excuse me -- February of 2011.

THE COURT: Okay.

MR. McCAMPBELL: I don't think the Court's file -- and I haven't found anything where there was any kind of agreement between Mr. Cable, Mr. Northcutt, or Mr. Sewell that extended the discovery. No written agreement. And there was nothing from the Court giving an order extending the discovery. But discovery did happen afterwards.

THE COURT: All right.

MR. McCAMPBELL: At the time of delivering the request for admissions -- and it's important to me in this respect, because as a lawyer, what we do a lot of times -- what a lot of attorneys

do is, when they send some discovery, they file a certificate of delivery -- or certificate of discovery with the Court that says, on or about a certain day, we sent this to so-and-so. And the reason why that's done now is because Courts don't want you to file discovery anymore because it's too voluminous. So it's some proof that you did it.

Now, my -- my review of the Court's file has no such certificate of delivery filed by Mr. Cable or by anyone else that those were sent to Mr. Sewell. And the only relevance I would give to that, Judge, is that if Mr. Sewell did not advise me or Mr. Bauer, there certainly wasn't anything in the Court's file to trigger my mind that was done.

THE COURT: Do you know if he handed Mr. Bauer anything prior to Mr. Bauer's retention that would have shown that he got something during the time frame?

MR. McCAMPBELL: That my client handed him, or Chad?

THE COURT: No. Your client.

MR. McCAMPBELL: No. I think my answer to that, based on my conversation with my client, would be no.

THE COURT: Okay.

MR. McCAMPBELL: And my conversation with Frank Bauer.

THE COURT: Because he had now Judge Northcutt -- but then Mr. Northcutt was his attorney for a while, correct? I assume --

MR. McCAMPBELL: Yes.

THE COURT: -- he sent out discovery; is that correct?

MR. McCAMPBELL: I don't -- I'm not sure if any written discovery was sent out then. I think during Eddie's time -- and Chad may can answer this -- during Eddie's time -- Mr. Northcutt's time, Mr. Sewell's deposition was taken.

THE COURT: And that was it?

MR. McCAMPBELL: I believe so.

THE COURT: Okay. All right.

MR. McCAMPBELL: The fact that a deposition was taken, and at the time it was taken Mr. Northcutt had filed a response to their application for probation and basically denied the elements of undue influence and testamentary capacity -- so at the time that Mr. Cable took my client's deposition, they were well aware of Mr. Sewell's position in the case, and so his

position was totally contrary to the effect of unanswered admissions.

And the cases seem to -- that's important because the cases seem to talk about that. In cases where there had been discovery done, it showed that the position was certainly in contradiction to not answering the admissions. And particularly Wal-Mart Stores v. Deggs would point that out.

We believe that the deposition and the pleadings clearly put the other side on notice as to Mr. Sewell's position -- true position in the case. The other thing that's interesting to us is that Mr. Cable's clients did not pursue at that time any kind of motion for summary judgment or anything based on the deemed admissions.

But basically four and a half years have gone by, and, again, I'm not -- I'm not criticizing Mr. Cable or anybody, but the fact is that four and half years have gone by, Mr. Sewell has paid and gone through two more attorneys, me being the third one, preparing for trial and all of that to -- to be hit with a certificate of deemed admissions on the morning of the trial.

I'm certainly not telling

Mr. Cable how to run his case, but the fact is, there was nothing done based on those admissions for a long, long time. The only reasonable conclusion I can come up with in Mr. Cable filing the certificate of deemed admissions on the morning of trial was to basically lay behind the law to where Mr. Sewell's case would not be able to be put on at the time of trial.

And that doesn't mean the Court -- if he had brought it up that next month after it happened, that doesn't mean the Court would have overturned it, but the fact is, it wasn't brought to anyone's attention until the trial.

Because Mr. Sewell had a position that's contrary to the tenor of the request for admissions, I don't think it can be shown that it was intentional or a result of callous disregard on the part of Mr. Sewell because I think if he had known the effect, he would have, No. 1, answered the responses; he would have gone to an attorney and said, hey, help me with this, something.

Again, I'm not condoning he didn't answer. I'm just saying that I don't believe that would be the act of -- an intentional act or callous disregard for somebody who was fighting to

try to show a will was proper.

THE COURT: Did he -- well, you talked to your client. But this -- this conscious indifference to what is going on here, I know that there -- I've looked at the -- both of your motions and your responses, and there is a copy of a letter sent by Mr. Cable. And in that letter, it references, if you don't sign -- if you don't say yes or no to one of these, it's going to be deemed admitted as true.

And that bothers me a great deal. I mean, did he not even read what was sent to him?

MR. McCAMPBELL: Are you talking about the first page of the request for admissions?

THE COURT: It's a letter Cable had prior to the deemed admissions request. It said, specifically, a failure -- last sentence -- a failure to specifically answer any request or an evasive answer to any request will be taken as an admission of true of such request. Respectfully submitted, Chad Cable.

MR. McCAMPBELL: I've not -- I've not seen that letter. The only letter that I've seen is the May 13, 2010, letter where Mr. Cable sends to Mr. Sewell --

THE COURT:  It's in your motion.

MR. McCAMPBELL:  It's in my motion?

THE COURT:  And the reason I'm saying that is -- that why I'm looking right now -- contestants' first request for admissions, Carlton Sewell, (indiscernible), and then it goes --

MR. McCAMPBELL:  Oh, oh, oh.  Yes.  I'm sorry, Judge.  I was looking for a letter.  But this is actually the first page of the request for admissions.

THE COURT:  This is the letter --

MR. McCAMPBELL:  Yes.  I'm not -- I'm not disputing that.  I guess all I'm doing is saying that, based on what Mr. Sewell has told me, while it looks like that's his signature on the green card -- he's not disputing that -- he does not recall the document.  So that's all I can -- that's all I can say to that.

THE COURT:  All right.

MR. McCAMPBELL:  The -- give me just a second, Judge.  I kind of lost my --

I now move over to the undue prejudice element.  And it appears Mr. Cable may be asserting that if I had known that the admissions would not be deemed, then I would have engaged in

additional discovery.

The fact is, No. 1, that there was additional discovery done after that date in the way of additional depositions, request for disclosure, interrogatories, request for production on behalf of his clients. Let's just say, though, that he would have taken two more depositions had he known, but the case law basically says it depends on what kind of time you have to do that.

Well, he had -- he's had four and a half years to do that, and they say it's not enough to rely just on the request for admission; that prejudice can't be shown. Prejudice does not include having to convince the trier of fact of the truth of the admissions. So --

THE COURT: How much discovery did you say that Mr. Cable presented to your client after the deemed admissions?

MR. McCAMPBELL: What my file reflects is that there was -- there was some other depositions taken.

THE COURT: Okay.

MR. McCAMPBELL: There was a request for disclosure, interrogatories, and request for production.

THE COURT: And this all came from Mr. Cable's office?

MR. McCAMPBELL: Yes. To Mr. Bauer.

MR. CABLE: Hold on. I just want to strongly object to that. I'll get to it later. That is not what happened --

THE COURT: Okay.

MR. CABLE: -- as I point out in my motion.

THE COURT: I'm asking him so I can get an understanding.

MR. McCAMPBELL: And so for there being this here amount of time, four and a half years, there certainly was the opportunity to -- to fully engage in additional discovery if, in fact, the Court finds or some other Court finds that the discovery period didn't end at nine months.

This case, even after I got involved, was on a trial docket two or three times. While there might not have been a formal motion for continuance, I don't think there was a situation where -- where there was any deference on anybody's part about it -- at some point about it being continued until its set trial date in January.

THE COURT: It did fall through the

cracks, and we are all at fault.

MR. McCAMPBELL:  Again, I'm not criticizing anyone.  The fact is, it -- it finally was set for trial well after the case commenced.

I understand that Mr. Cable -- and I think he handed me -- I'm not sure he handed it to me, but he showed me a minute ago that he's filed a motion for summary judgment in the case.  If the Court -- and I think the summary judgment is in large part based on the deemed admissions.

MR. CABLE:  Absolutely.  It wouldn't be relevant --

MR. McCAMPBELL:  And so I guess it depends on the Court's ruling, obviously.  Looking down the road, Judge, if the Court denies my motion to withdraw the admissions, it appears to me that the -- the remedy -- potential remedy would be an application for writ of mandamus.

THE COURT:  Okay.

MR. McCAMPBELL:  Because what the case law says -- and I've got a Tyler court (sic) that appears to be on point -- that because of the severity of the penalty of allowing the admissions to stand and the fact that it pretty well does away with Mr. Sewell's case, there -- it's almost a moot point

to go through a trial; that there -- there needs to be some resolution on the deemed admissions before it got to a trial setting.

THE COURT: All right. I understand.

MR. CABLE: Is that a sanctions or deemed admissions case?

MR. McCAMPBELL: It -- but it --

MR. CABLE: I understand.

MR. McCAMPBELL: It basically is a sanctions in the arena of discovery.

MR. CABLE: I would -- I would just briefly point out that there's a difference between a sanction and a result. He's not being penalized for -- it's not like a sanction for -- there's a distinction there.

THE COURT: Absolutely.

MR. McCAMPBELL: So what the case law does say -- and I believe -- did I not submit copies of cases to you?

THE COURT: Yeah.

MR. McCAMPBELL: Okay. Okay. It's been a while, so --

THE COURT: I don't know who sent me this or if I did it myself, Supreme Court Marino versus King, 2011. A very good case.

MR. McCAMPBELL: Okay.

THE COURT: And I have been reading it.

MR. McCAMPBELL: Okay. I don't think that came from me.

But if deemed admissions basically preclude presentation of the merits of the case, then there -- due process concerns could arise. In other words, instead of -- if the admission was, the car was white -- well, the car wasn't the issue about the case. It wasn't the primary issue. It was just a fact -- a fact of the case. And the client did not answer it but -- because the car was really white and didn't answer it, you can't bring anything in contradiction to the fact that it was white. You can't say it was black.

That's okay. I mean, that's a fact in a case, but if it's -- if it's stated in such terms as to totally gut the case, then the Courts lean toward allowing everybody to present it as a trial on the merits, and both -- the couple of cases I've cited do that.

I did give you a case of Wheeler v. Green.

THE COURT: Yes. That was correct.

MR. McCAMPBELL: And it was a family law case, and it basically discusses the fact that somebody is representing themselves and --

THE COURT: In that one, she did -- she may have been late responding, but she did respond.

MR. McCAMPBELL: And I don't dispute that. I don't dispute that.

To conclude, Judge, I would -- I would think that -- that based on the total factual circumstance of this very long case, procedural case, that there is good cause for allowing the -- the admissions to be withdrawn and to allow the parties to tee it up in court in front of the trier of fact to present -- particularly looking at the fact that obviously Mr. Sewell's position is contrary to what the deemed admissions do and that because it -- the case has been so long and because there's been adequate opportunity for discovery on the part of everybody, that there's no undue prejudice that's going to result if the Court allows the withdrawal and resets the trial of the case.

THE COURT: Okay. Very good.

Mr. Cable.

MR. CABLE: Thank you, Your Honor and

Mr. McCampbell.

Let me just address some -- some factual issues, and then I've just got a brief argument. This notion -- Mr. McCampbell's motion to withdraw deemed admissions has two prongs. One is -- and it seems to be the easiest one to dispose of, is this idea that the discovery period had closed under the Rules.

There are cases that happen -- that go on every day where discovery runs past the Rules. In fact, the rule that trumps that is the one that you can't do any discovery 30 days prior to trial and that sort of thing. Most scheduling orders work backwards from trial date. Even without a scheduling order, if you keep reading the Rules of Civil Procedure, they work backwards in terms of time limits from the trial setting.

So this idea that some kind of steel curtain has dropped by that rule nine months after the case is filed, it is -- is specious at best and doesn't apply here because -- and it's clever drafting. Mr. McCampbell is a good lawyer. He's done a good job drawing this. He's right on track all the way down Page 1 under the factual recitations with explicit dates.

And then on Page 2 at No. 9, it says, on June 17, Carlton Sewell retained Bauer. That's following No. 8, where on January 28 of '09 -- so 18 months later while I try to deal with Mr. Sewell, he goes and hires another lawyer. But what does he do in the meantime? That's where the drafting gets clever.

Paragraph 10 says, in the interim, between -- it doesn't say the 18-month interim. It just says the interim between the withdrawal of Eddie Northcutt and the engagement of Frank Bauer, it appears that on May 13, Mr. Cable served request for admissions, who was at the time acting pro se. Not only at the time but for some many, many months, 18 months before.

And then 11 he didn't respond. And No. 12 -- this is the part I had to smile at -- the parties thereafter continued to engage in various forms of discovery. Well, when I get an interrogatory or request for admissions served on me, I don't consider that I'm engaging. I am responding to discovery that is propounded offensively by the other party.

Mr. Sewell, acting pro se, summarily drafted request for admissions and

interrogatories, served me a full set on June 7 of 2010 while he was pro se.

MR. McCAMPBELL: And I'm sorry. Did you say he served you with admissions?

MR. CABLE: No. If I did, I misspoke.

I pick up with the admissions served on him on May 13, 2010. I might add that the Court's file will reflect that that week prior to May 13 -- because I well remember calling my secretary and telling her to get that together. That -- sometime in the 10 days before May 13, I went to Vernon, Texas, and deposed two essential fact witnesses and was very careful to cover him up with notice because I didn't want to have to take them again.

This is expensive business. This isn't fun and games out there in the real world arguing over hundreds of thousands of dollars of an estate. This is real money and real time and court reporter time and gasoline and motels. And I didn't want to go out there in early May and depose those farmers that gave testimony very unfavorable --

THE COURT: Were you not relying on your deemed admissions at that time?

MR. CABLE: No, ma'am. I went out

there and took those depositions earlier.  But the point is that I covered him up with notices because I didn't want to run the risk of an objection later that, oh, I didn't get to attend those depositions because I was pro se and I didn't know any better.

So not only did he get admissions served on him, and the other documents, about a week or 10 days before that, he got covered up with deposition notices that he didn't bother to attend. My point is, he's playing lawyer during this time, and he sends me a well-drafted set of interrogatories.

Now, we don't -- you were questioning a moment ago about his state of mind and what he knew and what he didn't know.  Unfortunately, we don't have the luxury of taking depositions in this type of matter and learning what he was thinking and what I was thinking.  You have to go only by the record.  The record is, is that Mr. Sewell somehow figured out to send me interrogatories and a request for production on June 7.

Now, a year rolls around -- a year rolls around, and Bauer wants to take Truitt and Laura Sewell's deposition.  Again, offensive discovery.  Wasn't my idea.  He noticed them up.  I

had to present them. The idea that the parties engaged in further discovery is a little bit specious.

THE COURT: Question. I have that Bauer got in it in April 2013, but he got in in August of 2011?

MR. CABLE: He got in in 2010.

THE COURT: Excuse me.

MR. McCAMPBELL: He got out --

THE COURT: He got out in 2013. You're right. You're right. Go ahead.

MR. CABLE: Now, his argument that I didn't engage in any offensive discovery after the admissions were overdue is not exactly pure because in the run-up to trial in 2012, I got to looking, and I didn't have anything in my file -- I never sent anything to ascertain who their witnesses were and time had gone by, so I sent a request for disclosure, the routine request for disclosure to Bauer.

So I did do that. But I didn't engage in a bunch of discovery. Now, this idea that discovery had closed just is nonsense because by the conduct of the parties, clearly discovery hadn't closed. We were -- Bauer and I weren't -- I wasn't objecting to his discovery saying, oh, you waited too

long, nor was he mine.

And, by the way, the remedy -- the legal remedy under the Rules for an objection to discovery being out of time, so you don't answer at your peril, what you have to do is file a motion to compel or the other side has to -- the party who is getting the discovery and they believe it's untimely at that point, that party has to file a motion -- protective -- a motion for protective order from the discovery.

So the entire part of Mr. Sewell's motion that discovery had closed, I think, is -- is specious at best.

Now, that leads us to good cause. He laid behind the law, didn't do this, didn't do that.  These cases are pretty clear that deemed admissions are conclusive and that I'm not under any duty to point out the fact that they've not answered them any more than I would be under a duty to point out a basic defect in pleadings such as jurisdictional or otherwise.

THE COURT:  All right.  Mr. Cable, I have a question about deemed admissions.  They are a tool, correct?

MR. CABLE:  They are.

THE COURT: They are a tool for discovery, right?

MR. CABLE: They can be. But in this court, on a routine basis, when these credit card companies come roaring in and they file -- they've sent the admissions on the back of their petition and the defendant shows up pro se, they're just out of luck. This goes to my -- the argument about good cause, Judge.

He wants to contend that he ought to get the kid gloves helping hand of the Court because he's a pro se litigant similar to the way that you and a lot of other judges treat -- even I have -- pro se divorce litigants and people that are up here just trying to get through the territory that don't have any money and they're having trouble, you know -- for whatever reason, they're having trouble negotiating the situation.

In this case, you're talking about a guy who fired a crackerjack litigator, went 18 months without a lawyer, during which time he served sophisticated discovery on me. And the usual boilerplate language on the interrogatories and request for production that came from Mr. Sewell pro se had all the magic language in it that you've

got to answer these; if they're not answered in 30 days, da, da, da, da, da.

If the Rules are going to apply to everybody, they've got to apply to everybody. And to run in and say, oh, golly, I didn't understand it, that's fine if your hands are clean. His hands are not clean. He's on his third lawyer. And for an 18-month period in the middle of the case, he played lawyer and actually propounded offensive discovery, which I can just imagine how he'd be squealing had I messed that up -- messed up the answers to it.

There is no good cause according to the cases that I've cited. There is a case that's dead on about a pro se litigant that's in my -- cited in my response. It's -- it's not good cause. And then the issue of reliance on the admissions goes back to the -- you know, we've laughed for years up here about the classic Carl Bryan objection. When he couldn't think of a legal objection, he would always resort to, Judge, it just ain't fair. Judge Thompson used to laugh about it; here goes Carl with his t'aint fair objection.

And really that's what this situation boils down to. I laid behind the law. I took advantage of this poor pro se litigant, when, in

fact, he's not that at all, as demonstrated by his own conduct over these years.  The reliance on the admissions is -- is -- the Timmers Chevrolet case is the case and these other cases taken with Judge Doggett's Supreme Court opinion in Marshall v. Vise, those are the cases that talk about the -- the use of admissions.

THE COURT:  (Indiscernible.)

MR. CABLE:  I don't have a duty to run and tell him he messed up.  In fact, it would probably be my practice to do that because what happened, as Judge Doggett pointed out in Marshall, the lawyer, bless his heart -- I do -- I felt sorry for him when I read this case because I almost did it the other morning in front of a jury.

The lawyer attempted to put the target on the stand and elicit inconsistent testimony from him and then jump up with the admissions and go, aha, and the trial court -- and, of course, he gets up to the Supreme Court and Doggett maps out -- Justice Doggett, now Congressman Doggett, maps out how he did it wrong.  He should have laid behind the law because when he elicited inconsistent testimony in the trial, then he waived, according to Doggett -- he waived the effect of admissions.

He's basically telling everybody in Texas that if you're going to -- you better not take action inconsistent with the admissions you've already got or it can lose the effect of them. And so the Red Ball Motor Freight versus Badine (phonetic) case tracks that. You file the admissions, and they become part of the evidence in the case. And that's what I did that morning when I was very tempted to make the same blunder that the Marshall lawyer made in the Doggett case, not having had the opportunity in 35 years to try to hold admissions (indiscernible).

The reliance on the admissions -- back to Timmers -- and this goes to the argument of what you have all this time to take this other discovery. The 14th Court -- I'm sorry -- the 1st District Houston Court makes it abundantly clear that once the blunder was made, the other side can rely upon them because they're deemed admitted automatically. That's the key. They're not deemed admitted after a motion to deem. They're deemed admitted the day they're not answered timely. And then the lawyer can rely upon that.

The -- the depositions and additional discovery that -- that are in my motion

are matters that are crucial to this case but they were going to cost money.  They were going to cost a lot of money.  And -- and I didn't feel I needed them.  I relied upon the deemed admissions.  The --

THE COURT:  All right.

MR. CABLE:  The -- the -- in closing, if I was up here taking advantage of some poor little girl in a divorce, it would be one thing.  But he had and parted company with Eddie Northcutt, played lawyer for 18 months, went and hired Frank.  I sat around forever thinking, well, Bauer is going to figure this out, but he never did.  And then poor Mr. McCampbell never even had a chance to figure it out.

And so there's nothing in this situation that casts any shadow on those lawyers' either competence or -- you see, it never rises to an issue of conscious indifference when -- when there's no evidence presented that, oh, well, I -- you know, you've seen the cases about, you know, it was miscalendared, it got misfiled, it got -- the best that Mr. Sewell could come up with is, I don't recall it, but, yeah, that sure looks like my signature on that green card.

And then inexplicably, seven days

later, he figures out how -- I'm sorry. About two weeks later -- two to three weeks later, he figures out how to hit me -- you know, return the fire with interrogatories and request for production that I strongly suspect he had some assistance in preparing because those are the kinds of documents that are hard to -- to prepare without any legal training and serve them on me proper.

The -- the bottom line is this. Because this is an important case and a serious case and a case involving a great deal of money, Texarkana is going to get to rule one way or the other.

THE COURT: That's right.

MR. CABLE: It's -- because it's not interlocutory, I suppose the Court has -- you know, I just thought of a third option and that -- and I've seen judges do this, come to think of it, and that's just carry it along and not rule -- I've seen judges do that -- and let's go ahead and see what the jury says, or let them -- let them out of the trap that they -- that he created for himself and go try the case or run it up and see what they say, because if they agree with me over in Texarkana -- and in this hypothetical scenario, they would be agreeing with the trial court -- that under these facts and

circumstances deemed admissions have to mean something at some point -- the rule has to mean something. These cases have to mean something at some point. If Texarkana agrees with that, Their Honors over there, then this matter is over.

Otherwise, on other -- the other two options, we spend an awful lot of time and effort and money, both sides, trying the case and then send it up and see what they think on what is a break-neck issue.

Brad pointed out -- Mr. McCampbell pointed out to me that he thinks the proper remedy, if the Court were to rule for me today, would be -- for him, would be an application for mandamus based on that Tyler court. That case is about sanctions and not admissions. How it gets there is irrelevant to me.

I went ahead and -- because I hired some boys that knew what they were doing to help me draft this motion, I went ahead and had them draw a summary judgment motion for me, which I filed prematurely. I really wish now I had not filed it because if the Court lets him back in the game, it's a moot point.

I filed it -- or I had it

prepared and sort of jumped the gun on filing it because I think that that is a proper procedural way to end the case and, ergo, bring the case to a conclusion to where it can go to Texarkana.  If mandamus is more appropriate, that is something that I have not considered until this morning.  I don't think it makes a lot of difference.

What I do know is, they're going to answer this question for one of us no matter what you do, with all due respect, and so why waste a trial in the meantime?  Thank you, Your Honor.

MR. McCAMPBELL:  Judge, I don't really have much of a response.  I mean, I think you've heard it every which way but loose.  I would just say that there is a difference between discovery, interrogatories, request for production, and requests for admission just because of the legal effect, and that's what -- that's where I would end my argument on this issue; the type of discovery that was submitted, when it was submitted, and what has transpired and not transpired since then.

As far as the -- I'll be happy to give the Court a copy -- Chad, too -- this Tyler court.  It was over admissions and --

MR. CABLE:  Admissions or sanctions?

MR. McCAMPBELL: Admissions.

And basically the way they've termed it was a discovery error on the part of the Court. So -- and I'm getting caught up in the semantics of the terms, but anyway, it was over admissions, and it was -- it was based on a mandamus, and that's where I'm coming up with that possible alternative.

That's all I have, Judge.

THE COURT: All right.

MR. CABLE: Just this final -- all the cases that I've read up to this one gets you to the next level on a more formal appeal versus mandamus. It even says here, mandamus is only appropriate for gross abuse of discretion, not a judgment call. But we will jump that creek.

THE COURT: What I'm going to do is this. I'm going to (indiscernible) that both sides not -- what I'm going to say is, there -- there is a case, and I wish you both would read, oh -- Moreno -- what was it -- something Marino v. King.

MR. CABLE: It's cited in my response, Judge. I knew I had seen it somewhere.

THE COURT: 355 S.W.3d 629 dated October 21, 2011. It's a good case. It gives some

direction here and --

MR. McCAMPBELL: It is -- it's Texas Supreme Court?

THE COURT: I'm sorry?

MR. McCAMPBELL: Texas Supreme Court?

THE COURT: Yeah.

MR. McCAMPBELL: Okay.

THE COURT: Supreme Court of Texas.

MR. CABLE: I think it came out of Fort Worth, didn't it?

THE COURT: Cause no undue influence to the other side. There are some very good catch phrases in here that allow me to decide one way or the other whether to allow these admissions.

Now, I am going to write you a letter. I do have an understanding of where I believe I'm going to go at this time with this particular issue, but I want to put it in a letter form. You two have helped me immensely. I appreciate it.

And it's an issue that absolutely I assume the Court of Appeals -- the gentlemen up there will probably hear this one way or another, and I know they'll give us -- anybody don't get it right, they'll give us the correct response. So with that

in mind, thank you for your time.

MR. McCAMPBELL:  Thank you, Judge.

(Hearing adjourned.)

STATE OF TEXAS )

COUNTY OF DELTA )

I, Jana Atchison Rushing, Official Court Reporter in and for the State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were recorded electronically by BIS and transcribed by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this reporter's Record is $285.00 and will be paid by Mr. J. Brad McCampbell, Counsel for Proponent.

WITNESS MY OFFICIAL HAND this the 26th day of May, 2015.

/s/ Jana Atchison Rushing
JANA ATCHISON RUSHING, Texas CSR 4156
Expiration Date:  12/31/15
P. O. Box 48
Cooper, Texas  75432
903-268-2942